NEW-YORK,
October, 1811.

CLARK
v.
FOOT.

CLARK against FOOT.

IN error, on *certiorari*, from a justice's court.

*Clark* sued *Foot* before the justice, to recover damages sustained by reason of *Foot's* setting fire to the plaintiff's woods.

The cause was tried by a jury. A witness testified that he set fire, by the direction of the defendant, to certain fallow ground, belonging to the defendant, which fire run into the woodlands of the plaintiff; that he told the defendant of it, who tried only to prevent the fire from burning his own farm. The fire burnt during six or seven days, on the pine hill of the plaintiff, and damaged his woodland to the amount of 60 dollars.

If A. sets fire to his own fallow ground, as he may lawfully do, which communicates to and fires the woodland of B. his neighbour, no action lies against A. unless there was some negligence or misconduct in him or his servants.

The return stated that the defendant produced a number of witnesses, who testified nothing contradicting the materiality of the above evidence, and that the jury found a verdict for the defendant, on which the justice gave judgment.

NEW-YORK,
October, 1811.

JACKSON
v.
HARTWELL.

*Per Curiam.* The point to be tried was, whether there was negligence on the part of *Foot*, or his agent; for *Foot* was as much accountable for the negligence of his servant, whilst employed in his business, as if the fire had spread by his own neglect.

It is a lawful act for a person to burn his fallow; and if his neighbour is injured thereby, he will have a remedy, by action on the case, if there be sufficient ground to impute the act to the negligence or misconduct of the defendant or his servants.

Should a man's house get on fire, without his neglect, or default, and burn his neighbour's, no action would lie against him, notwithstanding the fire originated in his house, because it was lawful for him to keep fire there. *But he ci* (3 *Bl. Comm.* 43.    1 *Noy's Max.* c. 44.) The same rule *kuh it th* would apply to this case.

Here, there is no evidence of negligence, and the jury have passed on the case.

Judgment affirmed.