MARY D. HOWLAND vs. ISAAC VINCENT.

An owner of land made an excavation therein, within a foot or two of a public street, and used no precaution against the danger of falling into it: A person passing in the night time, went over the line of the street, fell into the excavation and was injured. *Held,* that the owner of the land was not liable to an action for the injury thus caused.

TRESPASS UPON THE CASE to recover damages for the injury hereinafter stated. At the trial in the court of common pleas, before *Wells,* C. J. the following facts were proved or admitted :

In April 1844, and previously, the defendant owned an estate in New Bedford, on the south side of Union Street, called the Eagle Hotel. This hotel fronted on said street ; and west of the entrance, between the western wing of the hotel and the south line of said street, was an open space, about seven and a half feet wide. About the first of said April, the defendant caused the piece of ground in said open space to be dug out for the purpose of making cellar rooms under the west wing of said hotel. The earth was removed to the depth of about four feet. A back wall was made on the side of the excavation next to the street. The face of this wall came within about a foot and a half of the south line of said street, and at one place, where there were steps to go down into the cellar, the back of the top step came within about half a foot of the line of the street. No guard or fence was put up, nor any light kept burning at night.

The person employed by the defendant to put the premises in order, and replace the flagging on the sidewalk, (which had been taken up at this place, while the defendant's said work was in progress,) was the town surveyor of highways, who had charge of the streets. The chairman of the selectmen of New Bedford passed this place almost every day, and had notice of the condition of the street and of the defendant's premises at this place, several days before the accident (hereinafter mentioned) happened to the plaintiff.

On the evening of the 20th of April 1844, and after dark, the plaintiff, when walking upon the sidewalk, fell into the excavation thus made by the defendant, and was thereby much injured.

For the purposes of the trial, it was agreed that no negligence was attributable to the plaintiff.

The judge ruled that the action could not be maintained, and a nonsuit was entered.   The plaintiff alleged exceptions.

*Eliot*, for the plaintiff.   The defendant is answerable on the maxim, *sic utere tuo ut alienum non lædas*, for his negligence in not doing what was reasonable to guard against injury from the excavation made by him by the side of the street.   Com. Dig. Action upon the case for Negligence, A. 5. 6.   *Anon.* Cro. Eliz. 10.   *Clark* v. *Foot*, 8 Johns. 421. *Bush* v. *Brainard*, 1 Cow. 78.   *Rooth* v. *Wilson*, 1 Barn. & Ald. 59.   Every person, in exercising his own rights, is bound to a cautious regard for the rights of others, and is answerable for injuries caused by his want of such regard. See 17 Johns 99, per Woodworth, J.   The defendant should have guarded against the danger to which he exposed passengers, by putting a railing between the street and the excavation, or by placing a light there by night.

If it be said that the plaintiff did not fall from the street, but from the plaintiff's land, the answer is, that he, by not fencing out his land, consented that the plaintiff and others should go upon it, and cannot now deny her right to go there.

The town would seem not to be liable to the plaintiff; for the defendant left a narrow space between the highway and his private property, so that the injury was received out of the highway.   *Tisdale* v. *Inhabitants of Norton*, 8 Met. 388.

*O. Prescott*, for the defendant.   The town, if any party, is liable to the plaintiff, as its officers had notice of the danger, and took no precautions against it.

The defendant made only a lawful use of his own property, and no negligence is shown.   He was not bound to keep a lamp, to show that the town had not made a railing.

Nor was he bound to make a railing. If the question were between the defendant and adjoining owners of land, he would clearly not be liable. *Panton* v. *Holland*, 17 Johns. 100. *Callender* v. *Marsh*, 1 Pick. 418. *Thurston* v. *Hancock*, 12 Mass. 220. Com. Dig. Action upon the case for a Nuisance, C.

The plaintiff was out of the highway, and upon the defendant's land, when she received the injury complained of; and the case of *Blyth* v. *Topham*, Cro. Jac. 158, 159, cited in Com. Dig. *ubi sup.* and 1 Rol. Ab. 88, seems decisive against her right to recover. In that case, a man made a pit in his land, near the highway, and another's horse fell into it and perished. It was held that the digging of the pit was no wrong to the owner of the horse, and that he had no remedy for his loss.

The cases cited for the plaintiff differ essentially from this, as they all proceeded upon the ground of negligence in the defendants.

HUBBARD, J.   That the defendant had a right to excavate the earth, for the purpose of making cellar rooms under that portion of his estate where the accident happened, is not contested. There is no pretence that the defendant was actuated by malice, and the only question is, whether he has been guilty of such negligence as to expose him to the plaintiff's demand for damages by reason of the injury she has sustained, on the application of the maxim, *sic utere tuo ut alienum non lædas.*

The defendant had a right to dig to the line of his estate , and as between abutters such digging is justified by ancient and modern decisions, on the well received principle that the proprietor has the entire dominion over the whole of his own estate. 2 Rol. Ab. 565. *Thurston* v. *Hancock*, 12 Mass. 220. *Panton* v. *Holland*, 17 Johns. 92.

The defendant did a lawful act on his own premises, and we cannot hold him responsible for injurious consequences that may have arisen by reason of it, unless it was so done as to constitute actionable negligence.

It is laid down in Com. Dig. Action upon the case for a
Nuisance, C. that "the action does not lie if a man make
a ditch in his waste, which lies near the highway, within
thirty six feet of the highway, into which the horse of an-
other falls; for the ditch in his own soil was no wrong to
the other, but it was his fault that his horse escaped into the
waste." 1 Rol. Ab. 88.

The cases put by the plaintiff's counsel are those where
the acts are lawful, but are done so negligently that an
injury immediately follows to the property or person of
another; as a fire kindled negligently; shooting a gun care-
lessly; neglecting to take care of a dog, knowing he will
bite, &c. Com. Dig. Action upon the case for Negligence,
A. 5, 6. *Clark* v. *Foot*, 8 Johns. 421. Here the plaintiff
went out of the highway and met with the accident. If she
had kept within it, no injury would have taken place; and
though it is agreed, for the purposes of this trial, that she
was guilty of no negligence, yet that will not throw upon
the defendant the consequences of her going off the street;
for he does not appear to have been guilty of negligence.
And where neither party is in fault and an accident takes
place, it is *damnum absque injuriâ.*

Though the defendant may have, before this, permitted
the public to travel over this piece of ground, they acquired
no right thereby; and he could use it differently, and for his
own purposes, as like property is enjoyed, when and in such
manner as he pleased. The public could not of right walk
over it, and his intention to appropriate it to his private use
had been sufficiently manifested by the work he had caused
to be done there, for some time previous to the accident; and
thus the permissive use had been taken away. We know of
no rule of the common law requiring him to fence the prem-
ises in the situation in which they were then; and we have
seen no by-laws of New Bedford, imposing duties upon the
abutters on the highways, in matters of a like nature with
this.

It has been said in argument, with apparent confidence,

that the town of New Bedford must be liable if this defendant is not. But before we can say that such a consequence can follow from this decision, we must hear what the town has to advance. *Audi alteram partem.* And in deciding this case, we express no opinion in regard to the liability of the town, if a suit against it should hereafter be brought. This is one of those cases where the lines which distinguish between the respective rights of the parties are very faint ; but on the whole we think the plaintiff has no cause of action.

*Exceptions overruled.*