| 22 619 |
|---|
| 122a 123 |

</div>

## STUART vs. HAWLEY.

Where an individual sets fire to his fallow, wood and timber, for the purpose of bringing the land into cultivation, and the wind rises, and causes the flames to spread, and communicate the fire to his neighbor's land, and the crops and grass of the latter are injured and destroyed, no action will lie, without some proof of negligence or misconduct on the part of the person building the fire.

Such negligence or misconduct must be established, by legal evidence. The mere fact that the fire was set in a dry time, in July, upon low swampy ground, previously burnt over and destitute of brush, will not be sufficient to entitle the party injured, to recover.

THE plaintiff commenced this action against the defendant, in a justice's court of St. Lawrence county, for negligently and carelessly setting fire to his fallow, wood and timber, and alleged that in consequence thereof the fire spread, and burned, injured, damaged and destroyed the plaintiff's land, hay and timber adjoining. The plaintiff claimed to recover damages, to the amount of $100. The defendant denied the allegations in the complaint. On the trial it appeared in evidence that on the

Stuart *v.* Hawley.

17th of July, 1854, the defendant set fire to his fallow, which had been previously burned over, in May. The heaps were logged up and set fire to. The fire did not burn much until the 20th of July, when the heaps burned up, and the fire began to spread. It was a very dry time when the fire was set, there having been no rain since the latter part of June previous. The wind blew very hard on the 20th of July, and the fire spread, and burned over a lot of Mr. Lockwood's, adjoining the defendant, and on the 26th the wind increased and blew a gale, and the fire spread from Lockwood's lot on to the plaintiff's lot, burning and destroying his grass, hay and grain, to the value of $170 or $180.

The plaintiff recovered a judgment for $100, with costs, which the county court affirmed, and the defendant appealed to this court.

*Judson & Powell*, for the plaintiff.

*Myers & King*, for the defendant.

*By the Court*, C. L. ALLEN, P. J. In the case of *Clark* v. *Foot*, (8 *John.* 421,) it is said by the court that "*it is a lawful act* for a person to burn his fallow, and if his neighbor is injured thereby he will have his remedy by action on the case, if there be sufficient ground to impute the act to the negligence or the misconduct of the defendant or his servants." And the remark is put forth that if a man's house "should get on fire and burn his neighbor's, no action would lie, because it was lawful for him to keep a fire. The loss in all such cases is *damnum absque injuria*."

There is no dispute about the main facts in this case. There was considerable rain the latter part of June, 1854, but from that time to the 17th of July, when the defendant set fire to some log heaps in his fallow, it had continued dry. Some of the witnesses say it was a very dry time. The place had been burned over the May previous, and there were no bush near. It was low swamp land. The heaps were not very dry, when

first fired, and did not immediately burn. From the 17th to the 20th of July it continued very hot and dry, though it rained a very little on the morning of the 17th. On the 20th the wind commenced blowing violently, and the fire communicated to Lockwood's lot, which was a pasture, lying between the plaintiff's and the defendant's lots. On the 26th of July the wind blew a gale, and the fire was blown across Lockwood's lot and extended to the plaintiff's, and burned his grass, crops, &c., occasioning a loss, which was stipulated at $100. The only evidence of any carelessness on the part of the plaintiff is, that the fire was set in a *dry time in July.* But this single fact, under the circumstances, does not entitle the plaintiff to recover. It was set on low swamp ground that had once been burned over. There were no brush near. The stumps were wet and did not burn well, and in fact were not all consumed. It is a well known fact that fire will not so readily run on ground which has been before burned over, as at first. It was set on a day which looked likely for rain. It did rain in the morning, though not to a great extent.

It appears to me it cannot be contended that the defendant selected an improper time, or that it was a careless act in him, to set fire to his own fallow, in a month usually chosen for such a purpose. He certainly could not be supposed to know that He who in his infinite wisdom controls the seasons, and holds the winds in his fists, would have suffered the drouth to continue, or have permitted the gale to waft the fires across an adjoining pasture lot to his neighbor's land, on the 26th, and thus do him an injury entirely unexpected and unintentional. The plaintiff should have established the negligence or misconduct, by legal evidence. This, I think, he failed to do. (*See case before cited, and Livingston* v. *Adams,* 8 *Cowen,* 175.) The evidence of want of attention on the part of the defendant, if it be conceded that he did nothing to prevent the fire from spreading, does not help the plaintiff's case. In *Clark* v. *Foot* the defendant refused to do any thing, except to prevent the fire from injuring his own premises; and yet the court held it furnished no ground of action. The doctrine contained in *Clark*

v. *Foot* is fully recognized and approved, and in this state is now settled, in the case of *Radcliff's Ex'rs* v. *The Mayor &c. of Brooklyn,* (4 *Comst.* 195, 200.) A great variety of cases are there collected and commented upon by Judge Bronson ; and the conclusions to which the court arrived fully dispose of the present case.

The plaintiff should have been nonsuited, and the jury having found against the law and the evidence, the judgments of the county court and of the justice must be reversed, with costs.

[Saratoga General Term, July 8, 1856. *C. L. Allen, Paige, James* and *Rosekrans,* Justices.]