## CALKINS *vs.* BARGER.

An individual has a right to set fire to log heaps, on his own premises; and if the wind rises and carries the flames to his neighbor's premises, and the buildings of the latter, with their contents, are destroyed, no action will lie, without proof of negligence on the part of the person kindling the fire.

The fact that the person kindling the fire left home on the day his neighbor's buildings were destroyed, without leaving any one to watch the fire, and was absent when the fire occurred, does not show negligence and carelessness on his part, so as to render him liable for the damage done.

If he had no reason to apprehend a sudden change in the weather and the rising of the wind, when he left home, he should not be held responsible for it; certainly not without some proof that his presence might have prevented the injury which happened.

While negligence is usually a question of fact, for the jury; yet when the undisputed facts show that the defendant, in an action for negligence, is guiltless of all blame, the case resolves itself into a question of law, for the determination of the court, upon the evidence introduced.

APPEAL from an order of the county court of Sullivan county setting aside a nonsuit, and granting a new trial. The action was commenced against the defendant before a justice of the peace of Sullivan county for negligently setting fire upon his own lands, and carelessly and negligently suffering said fire to escape from said premises, whereby the plaintiff's barn, and other property, were destroyed. Upon the trial before the justice the plaintiff recovered damages to the amount of $187.50. The defendant appealed to the county court, and the cause was there retried, and the plaintiff was nonsuited upon the ground that there was no evidence given of negligence on the part of the defendant. A motion was made to set aside the nonsuit, and a new trial was ordered. The defendant appealed from that order, to the general term of the supreme court. The facts sufficiently appear in the opinion of the supreme court.

*H. R. Low, Jun.* for the appellant.

*A. J. Bush,* for the respondent.

*By the Court,* MILLER, J.   Upon the trial of this cause before the county court it appeared that the defendant, in the early part of the month of May, 1862, set fire to some log heaps on his premises, which were old and damp, and situated from five to ten rods from the defendant's house, and about one third of a mile from the plaintiff's barn.   The land where the fire was set was damp and near a swamp, and had been burned the year previous.   It was a dry time, it not having rained for two or three weeks.   The defendant's hired man left him the same day of the fire, which was two days after it was kindled, and the defendant himself went away from home, the same morning, a distance of about two miles, and returned again about two o'clock in the afternoon. There was no wind, and it was a little hazy, when the defendant left.   About ten o'clock in the forenoon the wind arose, and it blew a gale.   The fire, which had been burning up to this time, appears to have followed the decayed material of an old fence, a portion of the way, and then must have blown over some distance to the defendant's barn, which took fire, and with its contents, was consumed.   There were other buildings in the vicinity, which were also burned at the same time.

It is sometimes quite difficult to determine what constitutes negligence, and the facts proved present a case here which in this respect is not entirely free from embarrassment.

In *Stuart* v. *Hawley,* (22 *Barb.* 619,) it was held that an individual has a right to set fire to his fallow, wood and timber, for the purpose of bringing his land into cultivation, and if the wind rises and causes the flames to spread, and communicates the fire to his neighbor's land, and the crops and grass of the latter are injured and destroyed, that no action will lie, without some proof of negligence or misconduct on the part of the person building the fire.   In that case the proof showed that it was a hot and dry time, and the wind commenced blowing violently, as in the case under consideration, and spread the fire until it communicated to

and destroyed the plaintiff's property.    The only evidence of carelessness on the part of the defendant was, that the fire was set in a dry time in the month of July; and it was decided that this fact, alone, was not sufficient to establish carelessness.    That case and this are somewhat analogous, and the only distinctive difference which I have been able to discover, between the two, is, that here the defendant's hired man had quit his employment in the morning of the same day on which the fire occurred, and the defendant himself was absent from home, having gone to a neighboring village. So far as the leaving of the hired man at this particular time is concerned, it does not establish that the defendant was guilty of any sort of negligence for that reason; for if the defendant himself had remained at home it can not be claimed that there would have been any neglect whatever on his part.

The question in this case is reduced, then, to the proposition whether the defendant was guilty of negligence in absenting himself temporarily, on the day of the fire, without making some provision for watching the burning logs and fallow.    Was he bound to remain there, to see whether the wind arose and blew, and if possible thus prevent the spreading of the conflagration; and was he guilty of negligence in leaving as the evidence shows that he did ?

In order properly to appreciate the true state of the case, it should be observed that at the time the defendant did leave there were no indications of this sudden change in the weather — no manifestations that it would be windy and tempestuous; or that a storm was brewing; or that any imminent danger was approaching.    Nor is there any thing in the case evincing that the defendant could have prevented the fire from extending, even if he had been personally present.    If he had been at home I think he would not have been required to keep a constant watch upon the fire, night and day, for fear that a wind might arise and scatter it, to the destruction of his neighbor's property.    This is not a case of such

Calkins v. Barger.

imminent danger and peril as to require the exercise of such an extraordinary degree of vigilance. Suppose that during the night time, while undisturbed in sleep, a tempest had unexpectedly come up and produced the injury complained of, would he then have been liable? I think it is quite clear that he would not, as this was a remote contingency against which he was not bound to provide. The act itself was a lawful one, and like a case where a man's house gets on fire and burns his neighbor's, no action would lie against him, because it was lawful for him to keep a fire there. (8 *John.* 421.) There is no rule of law which requires that a man should post a sentinel night and day and keep a constant vigil to guard against an event so remote and so unexpected; and he is not guilty of negligence or misconduct in failing to do so.

If the defendant would not be liable in the case put, there is no good reason why he should be liable because he was absent for a brief period, in the day time, when there was no probability or prospect of danger.

In *Stuart* v. *Hawley,* the learned judge in his opinion says: that the want of attention on the part of the defendant did not help the plaintiff's case. And this is the most that can be said of the defendant's absence.

I think, therefore, that the fact that the defendant left home on the day of the fire and was absent when it occurred, does not show negligence and carelessness on his part, and that he was not liable. He had no reason to apprehend any such sudden change as ensued, and should not be held responsible for it. Certainly not, without some proof that his presence might have prevented the injury which happened to the plaintiff. While negligence is usually a question of fact, for the jury, yet when the undisputed facts show that the defendant is guiltless of all blame, the case resolves itself into a question of law, for the determination of the court upon the evidence introduced. The judge upon the trial properly

granted the motion for a nonsuit, and there was error in granting a new trial.

The order of the county court, granting a new trial, must therefore be reversed, with costs.

[Albany General Term, March 6, 1865. *Peckham, Miller* and *Ingalls,* Justices.]