## SUPREME COURT.

HARVEY LOSEE agt. THE SARATOGA PAPER COMPANY and others.

A party has a right to use steam upon his own premises for manufacturing or other lawful purposes, and if his adjoining neighbor is injured by an explosion caused by the use of such steam power, the party so using the same is not liable, unless he has been guilty of negligence.

*Argued at the Plattsburgh General Term, July,* 1866.
*Before* BOCKES, ROSEKRANS, JAMES *and* POTTER, *JJ.*

THIS action was brought to recover damages occasioned by the explosion of a large rotary, iron steam boiler, while the same was owned and being used by the Saratoga Paper Company, at their mill situated in the village of Schuyler-ville, Saratoga county, and State of New York, on the 13th day of February, 1864, by means whereof the boiler was projected and thrown on to the plaintiff's premises, and through several of his buildings, thereby injuring and damaging the same.

Buchanan and Bullard were joined with the paper company as defendants in the action, on the ground that they were trustees, stockholders and agents of the corporation, and superintending its business as such, and therefore jointly liable with the company in the action. The Clutes, who manufactured the boiler, were also made defendants, on the ground that they made it in a negligent manner, in consequence of which negligence the boiler exploded.

The case was tried at the Saratoga Circuit in January, 1866, before Mr. Justice POTTER and a jury, when the complaint was dismissed as to the Clutes, and a verdict rendered

against the other defendants for $3,420, upon which judgment having been entered up, the defendants made a case and appealed to the general term.

The unsuccessful defendants appealed, and the plaintiff appealed as against Clutes.

This suit is against the corporation duly formed, and against D. A. Bullard & Buchanan, two of the trustees of the company.

February 14, 1864, the boiler of the mill exploded, and was thrown upon the plaintiff's premises, causing injury. The complaint alleges negligence in the making and putting up of the boiler.

The plaintiff attempted to prove negligence but failed. All the acts tending to prove the same were before the boiler was finally perfected, and thereafter it stood a test of 149 pounds.

The explosion must have taken place at a pressure of less than 100 pounds.

The plaintiff having failed in his proof of negligence, and not having even called the only person present when the accident happened, rested his case. The defendants then moved for a nonsuit.

The court met this motion by holding the defendants liable without regard to the question of negligence.

The defendants offered to prove there was no negligence, &c., but the evidence was excluded, and defendants excepted.

A. POND, *for plaintiff*.

*As to the paper company :* the act of the company in casting the boiler in question on to the premises of the plaintiff, was a direct trespass upon the right of the plaintiff to the undisturbed occupation and possession of his own premises. " To this possession, the law prohibits all *direct injury, without regard to its extent, or the motives of the aggressor* " (*Per* GARDINER, *J., in Hay* agt. *Cohoes Co.,* 2 *Comst.,* 161; *Tre-*

*main* agt. *Same, id.*, 163; *approved in Radcliffs Ex'ors agt. Mayor*, 4 *id.*, 199; *Hay* agt. *Cohoes Co.*, 3 *Barb.*, 42).

The above cases are direct authorities, therefore, to sustain the ruling of the judge at the circuit, that no evidence to show *negligence* was necessary to warrant a recovery for the plaintiff, so far as the paper company is concerned; and that the latter could not exculpate itself from liability by showing that the injury was committed, notwithstanding the exercise of the most extreme care on its part.

E. F. BULLARD, *for the paper company.*
J. S. LANDON, *for the Clutes.*

I. The defendants had a lawful right to use steam upon their premises, and they are not liable for any consequential injury therefrom, unless they were guilty of negligence.

In deciding otherwise the judge at the circuit founded his opinion upon *Hay* agt. *The Cohoes Co.*, 2 *Coms.*, 159.

That case is entirely different from this. In that case the rocks were *thrown* upon the plaintiff's land, from time to time, during several months, and the defendants' agents entered upon the plaintiff's land and put on rough window-blinds to save more damage. The *injury* was contemplated, and repeated. The blasting was done *intentionally*. The rocks were *thrown* upon the plaintiff's land *intentionally*, not maliciously. The use of the powder to accomplish that act did not alter the principle. It was, in effect, the same as if thrown by the person's hand. The *probable, natural,* and *necessary consequence* of blasting rocks within ten feet of a house is to injure it.

"A man must be deemed to design the necessary consequences of his acts" (*Van Pelt* agt. *McGraw*, 4 *Com.*, 110, 114).

The following is an extract from my points in the Hay case in the court of appeals, viz.:

"This being an action on the case, for nuisance in the

nature of a trespass, and also for a trespass upon plaintiff's rights, without any entry upon his land, care and skillfulness does not affect the question. The injury is immediate and not consequential. The cases relied upon by defense (2 *Johns.*, 283, and 2 *Denio*, 433, 17 *Johns.*, 42,) all stand upon this principle, viz. : Where one does a lawful act on his own land, and does not immediately molest his neighbor, if any injury to another subsequently happens, the actor is not liable unless his original lawful act was done in a negligent, manner. Thus, if one digs on his own land, as he lawfully may, if in consequence thereof another's house afterwards falls down; where culverts and embankments are made on one's land or railroad property which do not immediately injure another, but afterwards, in consequence thereof, another's house is flooded, in such case, negligence is the gist of the action."

It is true, language may have been used by the court which apparently may go further than was called for by the facts of the case, but such language is not binding as authority only so far as it is supported by the facts of the case.

Page 161, GARDINER, J., says : " The use of land by the proprietor is not, therefore, an absolute right, but qualified," &c. " To this possession the law prohibits all direct injury, without regard to its extent or the motives of the aggressor."

Page 163 : " For they disturbed the rightful possession of the plaintiff, and caused a direct and immediate injury to his property."

(3 *Barb.*, 42,) in the supreme court : HAND, J., says at p. 48 : " If the rocks were thrown directly upon the plaintiff's land, without negligence, it may be deemed immediate, although it be not willful."

These Cohoes cases were not intended to overthrow or question that class of cases where the injury was not direct.

But it may be insisted on the other side, that the injury

was direct, because, after the explosion the injury follows immediately.

∵ If that was the correct view, then the injury was direct in the case where the dam gave way, and the plaintiff's property was injured, in (2 *Denio*, 433,) and so in all that class of cases, the injury is direct after the accident. In the case at bar, it is not direct, or the natural result of using the boiler for the purpose intended.

In the case of *Sheldon* agt. *Sherman & Van Duzer*, (42 *Barb.*, 368,) the court say, that the defendants were not liable for putting the logs in the river, although they were cast upon the plaintiff's land by the high water. The injury was direct in that case as soon as the logs entered the plaintiff's premises. It is true, the boiler in question, would not have exploded if no water had been put in it, but it is equally true, that the logs would not have been cast upon Sheldon's land if they had not been put in the river by the defendants.

We have seen above, that the Cohoes cases are entirely distinguishable from the case at bar.

The old cases relied upon, do not sustain the case a bar.

(*Wakeman* agt. *Robinson*, 1 *Bing.*, 213, 8 *Eng. Com. Law*, 300.) The defendant drove a gig against plaintiff's horse and killed him. The defendant was driving upon the wrong side of the road, and in his alarm pulled the wrong rein, and the horse was young and spirited.

The action was trespass. The judge charged the jury: "That this being an action of trespass, if the injury was occasioned by an immediate act of the defendant, it was immaterial whether that act was intentional or accidental."

On review, DALLAS, Ch. J., says: "If the accident happened entirely without default on the part of the defendant, or blame imputable, the action does not lie." "The accident was clearly occasioned by the default of the defendant."

But the defendant did not ask to submit the question of negligence to the jury, hence a new trial was denied.

(*Leame* agt. *Bray*, 3 *East.*, 221.)   Defendant drove on the wrong side of the road, in a dark night, and run against plaintiff's carriage, &c.   Action was trespass.   The only question was, whether case or trespass was the proper remedy, the act not being willtul.

Page 225, court say :   " There being an immediate injury from an immediate act of force by defendant, the proper remedy is trespass; and wilfulness is not necessary to constitute trespass."

Page 223, citing squib, case, *Scott* agt. *Shepard*, (3 *Wils.*, 403,) the court say :   " That case goes to the limit of the law."

(*Underwood* agt. *Hewson*, 1 *Strange*, 596.)   "The defendant was uncocking a gun, and the plaintiff standing to see it, and it went off and wounded him ; and at the trial it was held, that plaintiff might maintain trespass."   This is the whole report.

(*Lambert* agt. *Bessy*, Sir Thos. *Reymond*, 421, *in reign of Charles II.*)   False imprisonment against the keeper of the prison.   The defendant plead that he acted in good faith, &c., and demurred to a reply, which showed the arrest illegal.

In that case, are cited very old cases in Elizabeth's time, as quoted by Judge HAND, (3 *Barb.*, 45,) and then it is added :

" And the reason of all these cases is, because he that is damaged ought to be recompensed."

The ground upon which the Bessy case was decided, was " so here, though the defendant knew not of the wrongful taking of the plaintiff, yet, that will not make any recompense for the wrong the plaintiff hath sustained."

That doctrine has long since been exploded in our courts. If the process be regular upon its face, the officer is protected until that be set aside.

The party even is protected unless he acted maliciously (19 *Barb.*, 283.)

· It will thus be seen, that the old cases are greatly modified by late decisions.

There are many later cases where the party injured is without remedy (*Pitts* agt. *Davison,* 37 *Barb.,* 97.)

(*Davisons* agt. *Pitts, decided in N. Y. General Term, reported in N. Y. Trans.*) Where it was held, that Davison could not recover, although he had been illegally imprisoned fourteen months.

The case of burning the fallow is more like 'the case at bar, and the defendant not liable, unless in case of actual negligence (8 *Johns.,* 421.)

And like the case of digging so near that the land and shrubbery of the plaintiff fell down (*Radcliff's Exrs.* agt. *Mayor, &c., of Brooklyn,* 4 *Com.,* 195.)

But this question has been directly decided in cases more like the case at bar, than the Cohoes cases.

(*Fero* agt. *Buffalo, &c., RR.* 22 *N. Y.,* 209, 212.) "There must, therefore, be some proof of negligence to create a liability arising from the exercise of a conceded right in an improper or unreasonable manner." This case was for casting sparks upon the plaintiff's premises, and burning a building. The jury found actual negligence, but the court cite and approve *Rood* agt. *N. & E. RR.,* (18 *Barb.,* 80, 84,) where sparks were cast upon the plaintiff's woods, but defendant held not liable.

(*Hinds* agt. *Barton,* 25 *N. Y.,* 544,) where sparks were cast upon the plaintiff's premises by a steam dredge. The court say, the question turns upon actual negligence in its use.

(*Alden* agt. *N. Y. C. RR.,* 26 *N. Y.,* 102,) turns upon a different principle.

In that case, the court hold that the defendants warrant the safety of the coach, at all hazards. But that is upon the principle, that human life is necessarily endangered by such great speed, unless the coach is safe.

That doctrine has not yet been extended to any other case.

The casting of sparks of fire upon the plaintiff's buildings, is the same in principle as the casting of the boiler in question, and both result from the use of steam.

If the defendants in this case are liable, without actual negligence, then the Rensselaer and Sar. RR. Co., are liable for burning up Troy, a few years since, for the fire was cast from their bridge.

So a man is liable if his hired girl, or child accidentally drops a lamp whereby his house is burned, and the fire communicates to his neighbor's house.

The fact that steam is dangerous, does not alter the question. It only calls for a higher degree of care. The lighted cigar may, by carelessness produce greater injury than the most powerful engine run by steam.

The true principle upon which cases like the Cohoes case, should be placed is, " that where a person does an act, the necessary or probable consequence of which is to injure another, the party should be deemed to intend the consequences of such act, and be held liable accordingly without regard to the question of negligence." This principle is most clearly stated in 4 *Comst.*, 110, and should be applied to all cases.

*By the court,* BOCKES J.—No person can be held liable for an injury to the person or property of another unless he is proved to be in fault. Before liability will attach it must be shown, either that the act was unlawful or that it was performed in an unlawful manner. Where the act itself is unlawful, a suit may be maintained by the party injured thereby without showing negligence or want of proper care. As in the exploding purposely, a fire-cracker in the public street (29 *Barb.*, 218). Also in throwing stones on to the premises of another purposely, or by an act purposely done (2 *Coms.*, 159). Also in falling a tree on to the lands of another. Also

in building a dam on one's own lands which causes the land of another to be overflowed (23 *N. Y.*, 42.) These and similar acts are unlawful in themselves, and if an injury results therefrom, an action will be ·without proof of negligence.

If, however, a person in the performance of a lawful act causes an injury to the person or property of another, he is not liable in the absence of all negligence. The following are familiar examples, to wit: burning of fallows (29 *Barb.*, 419 ; 22 *Barb.*, 619 ; 8 *Johns.*, 421); collisions on highways (24 *Wend.*, 465 ; 3 *East.*, 593 ; 10 *Bing.*, 112); collisions on the sea (18 *Johns.*, 265); breaking away of dam improperly ' constructed (8 *Cow.*, 175); injuries by reason of a horse taking . fright and· running against another (5 *Bosw.*, 576 ; 2 *E. D.* *Smith*, 413); injuries at ferries and on railroads, negligent use of fire-arms. The last class of cases being quite analogous to the case in hand it may be well to examine a little more at length. In *Castle* agt. *Duryea* (32 *Barb.*, 480), the plaintiff was injured by the discharge of a gun, supposed to be loaded with blank-cartridge, but which was in fact loaded with ball. The recovery was put on the grounds of negligence. In *Blin* agt. *Campbell* (14 *Johns.*, 432), the injury was occasioned by the firing of a pistol. The recovery was also put on the ground of negligence. In *Cole* agt. *Fisher* (11 *Mass.*, 137), a horse was frightened by the discharge of a gun The liability was placed on the fact of negligence. Other analogous cases may be alluded to. In *Harvey* agt. *Dunlap* (*Lalors' Sup.*, 193), the action was for throwing a stone and putting out the eye of the plaintiff. The judge held that the action could not be maintained without showing that the act was willful or resulted from carelessness: The jury found for the defendant, and on motion for a new trial it was denied.

In *Bullock* agt. *Babcock* (3 *Wend.*, 391), a boy shot an arrow in a school-room putting out the eye of another. The judge remarked that it appeared to him that the act was

grossly negligent and unjustifiable, and that if the jury thought so they ought to find a verdict for the plaintiff. In *Althorf* agt. *Wolfe* (22 N. Y., 355), snow and ice were thrown from a roof into the public street, causing the death of a person. A recovery was allowed in favor of the administration on the ground of negligence. It was remarked in *Fero* agt. *The Buff. and State Line R. R. Co.* (22 N. Y., 209), that there must be proof of negligence to create a liability, arising from the exercise of a conceded right. In the case of the blasting of the rocks, the explosion was intended, with knowledge of the injurious results. It was therefore a wrongful act, as much so as if the person engaged in blasting had taken up the stones and cast them on to the lands of the adjoining owner.

Not so, however, in the case of an unintentional explosion of a steam boiler, employed in a lawful pursuit. Suppose a person be injured, or his property destroyed, by the unintentional *explosion* of a gun in the hands of another, could an action be maintained without showing negligence. A person has a right to discharge a gun on his own premises for a lawful purpose, properly directed. Suppose in an attempt to discharge it under such circumstances it exploded, and killed his neighbors horse or ox on the neighbors land, could an action be maintained in the absence of all negligence? Clearly not. So in the use of steam power, a person has a right to employ it on his own premises to propel machinery. If in so using it an explosion occurs causing injury to his neighbor, can an action be maintained without proof of negligence? Certainly not, any more than it could be in case a fire from the fallow of one person consumes the property of the adjoining proprietor. In the cases supposed the party was doing a lawful act. Now, in the absence of all negligence, he would be doing a lawful act in a lawful way.

In such cases on what can liability be predicated? He is not in fault if not negligent, and the rule is without excep-

tion, that no person can be held liable for an injury unless he be proved to be in fault.

In the case at bar, was the act of using a steam boiler wrongful in itself, without reference to the manner in which it was made or used? It cannot be held, I think, as matter of law, that the use of a steam boiler for the manufacture of paper is wrongful. There is nothing unlawful in that act simply. The defendants were engaged in a lawful enterprise, and had a right to bring to their aid any and all elements of power which could be controlled and safely employed under the exercise of watchfulness and prudence.

The employment of steam by the defendants was not unlawful, if carefully and discreetly used. The injury resulted from an explosion of the boiler. The ground of liability was therefore carelessness or negligence in the use of an improper and dangerous article, or in the careless and negligent manner of using a well constructed and safe article. In either case negligence constituted the gist of the action. If the rule be otherwise, every explosion of a boiler of a steam vessel, under whatever circumstances of care and caution it may occur, will give a right of action for injuries resulting therefrom to persons and property, and the same may be said of every case of damages resulting from the use of steam engines on railroads. Yet in these and similar cases recoveries are not allowed without proof of negligence. It does not follow that because trespass may be maintained, proof of negligence is unnecessary to the action. Trespass may be maintained when the damages result directly and immediately from the wrongful act complained of. So the form of action may be trespass, when the gist of the action is negligence. Such was the case of *Percival* agt. *Hickey* (18 *Johns.*, 256), and of several others above cited. But whatever may be the form of action, to adopt the language of Judge COWEN: "caution and due care is a defense predicable of him who is in legal pursuit of his own business, or engaged in the legal use of his own property." It seems to me therefore that if

the use of the boiler in this case was wrongful it become so by reason of negligence, either in using an article improperly constructed, or in using it in an unguarded and careless manner. The learned judge therefore erred in holding that the question of negligence was not in the case. According to the case of *The Mayor* agt. *Cunliff* (2 *N. Y.*, 195), the Clutes were not liable in this action. They were the mere builders or manufacturers of the boiler. They had no control of it at the time of the injury. If not properly constructed they were liable perhaps to the party employing them to build it, but not to others who may be injured by its use. As to them I am of the opinion that the judgment dismissing the complaint is right, and should be affirmed. But the judgment against the Saratoga Paper Company, Bullard & Buchanan should be reversed.

It is unnecessary here to pass on the question of the liability of Bullard & Buchanan. It is now impossible to say what the evidence will be against them, when the case shall be tried on the hypothesis that negligence must be proved in order to sustain a recovery by the plaintiff. An action for negligence may be maintained against principal and agent jointly under a certain state of facts (*Phelps* agt. *Wait*, 30 *N. Y.*, 78, *and cases there cited*). The judgment in favor of the Clutes should be affirmed with costs, and the judgment against the other defendants should be reversed, new trial as to them ordered, costs to abide the event.

POTTER J., dissented.