JOHN HAYS' ADMINISTRATOR AND ANOTHER, RESPONDENTS,
*v.* CALVIN MILLER, APPELLANT.

*Setting a fire upon land — negligence in — one in possession of land under contract —
right of, to recover damages.*

The burning of a fallow and of superincumbent combustible matter on the surface
is a lawful act, unless the fire be set at an improper time, or be carelessly
managed.

One in possession of land under a contract of sale, is deemed the equitable owner
thereof, and may maintain an action to recover damages for an injury occa-
sioned by setting fire to the woods and fences.

*Rood* v. *N. Y. and E. R. R. Co.* (18 Barb., 80) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

This action was brought by Patrick Hays, to recover damages
sustained from the negligence of the defendant, in setting a fire upon
his lands and allowing it to escape upon the lands of the said
Hays. After the commencement of the action Hays died, and the
action was subsequently, in pursuance of an order to that effect, con-
tinued by the present plaintiffs. The referee found, among other
facts, that on the 13th day of August, 1870, Patrick Hays, deceased,
owned certain lands situate in the town of Stockholm, St. Law-
rence county, New York, and the defendant possessed and occupied
a certain lot of land lying adjoining said Hays' land and westerly
thereof. That the defendant's land was burned over about the year
1863, leaving some logs and " chunks " of logs on the ground, which
had been piled up in heaps previously to the time of setting the
fire complained of; some old chunk heaps were within a few rods
of said Hays' land, and the ground was partially covered with dry
grass and grass stubble. Old chunks and logs, and stumps, and
brush (partly scattered and some picked up), extended, with inter-
vening spots of grass and willow bushes, nearly to said Hays' line.
There was a scattering growth of green willow bushes, extending
along the line, and some ten or twelve rods into Miller's side of it; the
chunk heaps were mostly west of the willows; the grass had been
mowed, up to within some five or six rods of the line, and from the

stubble of the mowed grass to the line, were some scattering old logs, stumps and chunks, with unmown grass among the willows. On Hays' side of the line the land was mostly timbered, being a thick growth of cedar, tamarack, pine, ash and other trees; portions of an old log fence remained upon the line, and some tree tops from trees cut on Hays' land, were near the line on Hays' side of it. Five log or chunk piles were on Miller's land, from twenty-two to twenty-five rods from the line; the land where those heaps were, and for a considerable distance on both sides of the line, and the timbered land, was low, swampy land, having a muck surface from one inch to two and a half feet in depth. That on the 13th day of August, 1870, at or about nine o'clock A. M., said Calvin Miller, defendant, set fire to the five heaps above specified for the purpose of burning them and clearing his land.

The season had been excessively dry, and the muck and other combustible material had become, and up to the day previous to the setting of the fire had been extremely dry. On the 12th day of August rain fell during the forenoon quite hard, from one hour and a half to two hours, so much so, that in the neighborhood water stood in gutters and ditches and in puddles in the road; the rain did not continue in the afternoon of the twelfth, but during the morning of the thirteenth, it threatened more rain and was misty and sprinkled, and there was then no wind of any consequence; the rain was, however, insufficient to prevent fire from burning in the ground, or, after a short period of drying, to prevent it running upon its surface. On the fourteenth the weather became hot and dry, and the fire burned in the muck and other combustibles, the wind rising toward evening. On the fifteenth the wind increased and blew very hard and carried the fire, set as aforesaid, across the intervening land, from point to point, and on to said Hays' said land, where the injury complained of ensued. On the thirteenth the defendant worked at the fire, putting up the heaps and clearing his land, and after the wind began to blow and the fire commenced to run, did all in his power to prevent the fire from getting on to Hays' land. The referee found that the defendant in setting the fire complained of, and in continuing the same, and in suffering the same to burn and spread at the time and place, and under the circumstances, and as set forth, was guilty of and was chargeable with

negligence, and was liable to pay the plaintiff the damages sustained as stated, on account of the said fire and the burning complained of.

*Tappan & Erwin*, for the appellant.

*Magone & Holbrook*, for the respondent.

BOCKES, J. :

This is an appeal from a judgment in favor of the plaintiff's intestate, directed by a referee.

The action was brought against the defendant, for negligence in setting fire to his fallow adjoining the lands of the plaintiff's intestate, and carelessly permitting it to spread thereto to its great injury.

No question is raised by the appellant's counsel on the appeal, in regard to the admission or rejection of evidence. But it is insisted that the facts proved failed to establish negligence against the defendant.

I am under the impression, that the evidence from which negligence was deduced by the learned referee, is undisputed and without conflict. The facts and circumstances attending the setting of the fire, and those attending its spread upon the adjoining lands, where the injury complained of occurred, are given in substance alike by all the witnesses who spoke to them. They are as follows: Prior to August twelfth the season had been unusually dry, and all combustible matter on the surface of the ground was dry. The land for a considerable distance on both sides of the line between the parties was low and swampy, having a muck surface from one inch to two and one-half feet in depth. On Friday, the twelfth of August, it rained in the forenoon, so that water stood in gutters and ditches and in puddles in the road, and on the morning of Saturday, the thirteenth, it was misty, sprinkled, there was no wind, and it seemed likely again to rain, and the defendant had a right to believe, and did believe, that it would rain. On this day, August thirteenth, in the forenoon, the defendant set fire to some log and chunk heaps, located about twenty rods from the line. Before setting the fire, he made examination and found the muck saturated with water, to an extent that he could press water there-

from, and he experienced some difficulty in kindling the fire. It did not rain on Saturday as had been anticipated, but nothing occurred on that day indicating danger. On Sunday, the fourteenth, the weather became hot and dry, and the fire burned in the muck and other combustibles, the wind rising toward evening. On Monday, the fifteenth, the wind increased and blew hard, and carried the fire along from point to point, and on this day the defendant, with three others in his employ, endeavored to prevent its spread, trenched around it and put sand on it. On Tuesday, the wind rose before noon, blowing a gale, and the defendant, with his help, endeavoring to keep it in, but it would blow over them and catch in despite their efforts, and soon got on to the adjoining land, causing the damage complained of. The defendant set the fire in good faith for the purpose of clearing his land, and as the referee finds " after the wind began to blow and the fire commenced to run did all in his power to prevent it from getting on to Hays' land."

On these facts can negligence on the part of the defendant be predicated? Did he act with due prudence in setting the fire under the circumstances of the case; and was he thereafter watchful and diligent in his efforts, to prevent its spread when danger became imminent? Or, to put the question in a different form, was the fire set at a time and under circumstances indicating danger therefrom; and did the defendant do all that he was bound or required to do, after the fire was set, to keep it under control? After the wind rose it is found that he did all in his power to prevent it from spreading.

The burning of a fallow and of superincumbent combustible matter on the surface, is of frequent necessity in husbandry, and is a lawful act, unless the fire be set at an improper time or be carelessly managed. Then, was it kindled at an improper time, and was it watched and attended to with due care and diligence? In the case of *Stuart* v. *Hawley* (22 Barb., 619), the fire was set at a dry time, on the seventeenth of July; from the seventeenth to the twentieth, it continued very hot and dry, but it rained a very little on the morning of the seventeenth. On the twentieth, the wind commenced blowing violently; the fire spread, and on the twenty-sixth it was blown on to plaintiff's premises, where the injury occurred. The court held that the only evidence of carelessness,

was the fact, that the fire was set *in a dry time in July*. This, was held not to be a careless or negligent act. The court say, that the evidence of want of attention on the part of the defendant, if it be conceded that he did nothing to prevent the fire from spreading, does not help the case, and cites, in support of this remark, *Clark* v. *Foot* (8 Johns., 421). The case of *Calkens* v. *Barger* (44 Barb., 424), was decided principally on the strength of the decision in *Stuart* v. *Hawley*. Here, too, the fire was set at a dry time, and the party left it unattended. The court held, that the plaintiff was properly nonsuited. In *Webb* v. *R., W. and O. R. R. Co.* (49 N. Y., 420), the principal question considered was, whether the damages were not so remote that the action would not lie; but the question here under examination, as to what facts may be deemed evidence of negligence, was also somewhat examined, and the court lay down the rule, that on this question the dryness of the atmosphere and earth, the strength and direction of the wind, the permitted accumulation of weeds, grass and rubbish, were all constituents of the act, and bore on the inquiry as to negligence. As I understand this ruling, it amounts to this, that on proof of some or all these facts, or of other facts similar in character, *the case* becomes one of fact, to be determined on a fair consideration of the proof, by the jury or referee to whose judgment it is submitted. It is for the jury or referee to make the proper deduction or inferences from the facts proved. This seems sound in principle, and accords with the general current of authority relating to the subject of negligence. So it was held in *Weber* v. *N. Y. C. and H. R. R. R. Co.* (58 N. Y., 451), that a case is made for the jury on the question of ordinary care, if there be inferences to be drawn from the proof, which are not certain, and incontrovertible; or if it is necessary to determine, what a man of ordinary care and prudence would be likely to do under the circumstances. I am not aware that *Stuart* v. *Hawley* and *Calkins* v. *Barger* have ever received the direct sanction of the Court of Appeals. They were cited by Judge EARL in *Losee* v. *Buchanan* (51 N. Y., 476, on page 487), but merely as authority, that negligence in setting a fire, gave a cause of action when damage ensued. The learned judge gave no approval of the decisions in those cases, on the question as to what constituted negligence in the setting or controlling of fires. They

are, very manifestly, not in harmony with the ruling in *Webb* v. *R. W. and O. R. R. Co.*, and in *Weber* v. *N. Y. C. and H. R. R. R. Co.* (*supra*). Now, accepting *Stuart* v. *Hawley* and *Calkins* v. *Barger* as well decided, it is difficult to see how the judgment in the case at bar can be upheld. According to *Stuart* v. *Hawley*, the setting of the fire in a dry time was no evidence of negligence; nor, was the party bound to take into consideration the fact, that the wind might rise and carry it beyond his control. And in *Calkins* v. *Barger* it was held, in effect, that the party owed his neighbor no duty to give the fire attention after it was set. I must confess I prefer the rule laid down in *Webb* v. *R. W. and O. R. R. Co.*, which would, as I think, make the question one of fact on the proof submitted; and this, too, well accords with the decision in the case of *Weber* v. *N. Y. C. and H. R. R. R. Co.* It is true the evidence here submitted does not make out a clear and undoubted case of negligence against the defendant. But a case is made for inferences and deductions in that regard. As was said in one of the cases cited, the facts here proved, to wit, the dryness of the atmosphere, and of the earth; and of the accumulations on the surface; the strength and direction of the wind; the situation and condition of the surrounding materials, and their combustible character, were all constituents of the act, and bore on the inquiry as to negligence; and thus arose a question of ordinary care, to be determined from inferences and deductions from the proof. In this view of the case at bar, it became one of fact for the referee, on consideration of all the circumstances attending the setting and management of the fire. It was for him to determine, whether the defendant exercised a proper degree of prudence, in setting the fire, considering all the surroundings; and whether he also observed a proper degree of vigilance and diligence, in his efforts to prevent its spreading after danger was imminent. In a case like this, where inferences may be drawn from a variety of facts, not absolutely conclusive in themselves, the finding of the referee must be accepted as final, the same as would be the verdict of a jury on a conflict of evidence. The referee has found against the defendant on these questions, and it is not for the appellate court to gainsay his conclusions, under the circumstances of this case.

A point is made that damages were erroneously allowed, for injury

to land held by the plaintiff's intestate under his contract to purchase. This point is decided adversely to the defendant in *Rood* v. *New York and Erie R. R. Co.* (18 Barb., 80). It is there held, that a person in possession of land under a contract to purchase the same, is deemed the equitable owner of the premises, and may maintain an action to recover damages, for an injury occasioned by setting fire to the woods and fences. (See cases cited on page 83.) The right of action in such case, is well supported, on the ground that the vendor must pay the purchase-money, although the estate itself be destroyed.

The judgment must be affirmed.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.