By the Court.—McAdam, J.
The plaintiff sued to recover $3,000 damages for injury to a stock of photographic supplies contained on the second floor of the premises No. Ill Nassau street, because of a fire which occurred therein April 10, 1889. The defendant, who is a chemist, occupied part of the floor above the plaintiff. The complaint charged that the defendant kept a furnace in his rooms, and negligently kept and maintained a fire therein at too great a heat for safety, and negligently permitted the fire to burn in the furnace unattended and uncared for, and that in consequence thereof, the fire communicated with the plaintiff’s premises and destroyed his stock of merchandise. The furnace rested on a base of brick, and whether there was a sheet iron covering over his floor, the plaintiff’s witness could not state. There was evidence that the defendant had made a fire in the furnace on the day the damage occurred, and that he had said that he intended to keep the fire there that night, that there was no danger. Upon this evidence, accompanied by proof tending to show that the fire was communicated to plaintiff’s premises by means of the furnace, and that the plaintiff suffered loss in consequence of the fire, he rested his case and the trial judge, upon motion of the defendant’s counsel, dismissed the complaint upon the ground that there was no affirmative proof of negligence, and this ruling presents the question we are called upon to review.
*204 The appellant invokes the application of the familiar rule of res ipsa loquitor, and claims that the fire could not have originated from defendant’s furnace unless it was improperly constructed or negligently used by the defendant. Breen v. N. Y. C. R. R. Co., 109 N. Y., 297; Mullen v. St. Johns, 57 Ib., 567; Saybold v. N. Y., L. E. & W. R. R. Co., 95 Ib., 568; Russell M. Co. v. N. H. Steamboat Co., 50 Ib., 121. He cites cases holding that negligence is inferred from the dropping of hot coals from elevated road engines, McNaies v. Manhattan R’y Co., 46 Hun, 502; Lowery v. Same, 99 N. Y., 158; Sheth v. N. Y. C. R. R. Co., 4 N. Y. Supplt., 951, and by the scattering of sparks and live coals hy a railroad engine along the roadway. Field v. N. Y. C. R. R. Co., 32 N. Y., 346. The Hability in the case of falling cinders, live coals or sparks from railway engines is founded on proof that locomotives properly constructed and kept in repair in respect to wire netting and ash pans would cast out no such dangers upon the roadway. The other cases cited, founded on the rule of res ipsa loquitor, rest on their own peculiarities, none of which resemble the facts proved here.
Thompson in his work on negligence (p. 1227) says : “It is believed, that it is never true, except in contractual relations, that the proof of the mere fact that the accident happened to the plaintiff, without more, will amount to prima facie proof of negligence on the part of the defendant.”
There was no evidence whatever that the furnace was not properly constructed, or that the defendant was negligent in its use, and unless defect of construction, failure to repair, or negligence in use are to be inferred from the mere fact that the fire communicated to the plaintiff’s premises, it is clear that non-suit was properly granted.
In Losee v. Buchanan, 51 N. Y., 476, the court of Appeals held that where one places and operates a steam boiler upon his premises, in the absence of proof *205 of fault or negligence on his part, he is not hable for damages to his neighbor occasioned by the explosion of the boiler; and in his opinion, after having reviewed the principal authorities in this state, Judge Earle says: “ This examination has gone far enough to show that the rule is, at least in this country, a universal one, which so far as I can discern, has no exceptions or limitations,—that no one can be liable for injuries to the person or property of another without some fault or negligence on his part.”
In Wiedmer v. N. Y. El. R. R. Co., 114 N. Y., 462, the plaintiff proved that a hot coal from an engine on defendant’s elevated road fell into her eye; but there was no direct evidence that the locomotive from which it came was defective in design and construction or negligently operated. The trial judge refused to dismiss the complaint and the jury rendered a verdict for the plaintiff. The judgment entered thereon was, on appeal to the general term, affirmed. The Court of Appeals reversed, stating in their opinion that there were no contractual relations between the parties, and that the falling of the coal was not sufficient for the jury to infer that the defendant negligently used a locomotive improperly designed, defectively constructed, out of repair or negligently operated; and that from the fact that the coal fell the burden was not cast upon the defendant to prove the condition of the locomotive.
In Cosulich v. Standard Oil Co., 122 N. Y., 118, the facts were these: The defendant, at the time of the burning, owned and operated a petroleum refinery on Newtown creek, and the plaintiff’s vessel was lying at the wharf adjacent thereto. The oil within defendant’s enclosure got on fire, and a quantity of it, while burning, flowed down a pipe which was connected with a lighter laden with petroleum moored at the defendant’s wharf. The pipe was used by the defendant in pumping oil from vessels into its refinery. The lighter at once exploded. *206 and burning oil and sticks therefrom were thrown upon the plaintiff’s vessel, setting it on fire. The conflagration was the immediate result of the explosion of defendant’s boiler. The damages were stipulated to have been fifteen thousand dollars. When plaintiff rested the defendant asked for a non-suit, which was denied. The defendant introduced no evidence. The jury found a verdict for the plaintiff. The general term affirmed, and the Court of Appeals reversed, holding that no contractual relations existed between the parties, and that the presumption is, until the contrary be shown, that every man has performed his duty; and that it is incumbent upon one who alleges a failure in this respect as the foundation of a right of action, to prove facts from which an inference of negligence may be properly drawn, and proof of the mere fact that an accident has happened will not authorize such an inference. Parker, J., in his opinion, says : “ As the existence of negligence is an affirmative fact to be established by him who alleges it as the foundation of his right of recovery, it was incumbent upon thé plaintiff to point out by evidence the defendant’s fault; for the presumption is, until the contrary appears, that every man has performed his duty. This rule has been frequently applied in cases where a fire has spread over and upon the lands of an adjoining owner to his damage. Clark v. Foot, 8 Johns., 329; Stuart v. Hawley, 22 Barb., 619; Lansing v. Stone, 37 Ib., 15; Calkins v. Barger, 44 Ib., 424. * * * In actions founded on negligence, the onus of establishing it rests upon the plaintiff.”
There were no contractual relations between the parties here, and applying the rules laid down in the preceding cases to the facts proved, we are required to affirm the judgment appealed from, with costs.
Freedman, P. J., and Gildersleeve, J., concurred.