By the Court—Bosworth, Ch. J.
In these actions the evidence is the same in the one as in the other. In each the plaintiff obtained a verdict. In each the defendants moved for a new trial, on the ground that the verdict is against evidence, and that motion was denied. From the order denying it the defendants appealed to the General Term. The only question is, whether the verdict is so clearly against evidence that it is the duty of the Court to set it aside for that cause. The plaintiffs were run over, in the evening of the 21st of December, 1856, while crossing Fourth avenue, by a span of horses owned by the defendants, and at the time in charge of their driver.
The horses had been attached, in the afternoon of that day, to one of the short cars of the plaintiffs, running between 27th street and the Astor House, and had been detached from the car at 27th street, shortly prior to the accident, and the driver was, at the time of the accident, riding the off horse. The two horses were harnessed together, having between them the pole which is attached to the car when it is in use, and the whiffletrees were attached to the pole, and one end of the pole in the rear of the horses’ feet was on the ground. There was no negligence or mismanagement on the part of the driver, unless "it was negligence or mismanagement to go through the streets of the city with a span of horses as these were taken,
*578 The driver was in the act of taking the horses from 27th street to the stable, which was in a street a short distance further up town.
The accident, was caused by a man by the name of Butler, who suddenly ran into the street and struck the off horse and continued to strike him until he was so frightened that the span moved so rapidly as to get out of Butler’s reach. Being thus frightened, they became unmanageable and ran over the plaintiffs.
Upon the question whether it was negligence or. mismanagement to drive a harnessed team through a street of the city in the manner and condition that this was, the evidence is uniform and uncontradicted that this method had been practised for years by this Company, and by the Hudson River Railroad Company, and that no accident had resulted from it: All the witnesses who had any practical experience in driving teams' thus harnessed, concurred in .opinion that, this method: was appropriate and safe, and less likely to result in-accidents .than an attempt to drive the. team walking behind or by the side, instead of riding-one of the horses,.
. On the, evidence before us,.we deem the conclusion just that the injury to the plaintiffs was caused by the misconduct of Butler ; that the mode practised to.drive and-manage the horses was not an act of negligence, and that the evidence resulting from the practice of it for years, shows- that it was a safé course, and one not fraught, with any danger ,of accident, from any causes which it was the..defendants' duty to anticipate ■ and provide against.
There is some, evidence that Butler had been employed by the defendants, prior to this time, in some subordinate capacity in or about their stables. "Whether he was or was- not employed by "them .at the time of the casualty, the evidence is not. definite.
There is no ground for pretending that at the time he struck one of these horses he was engaged in any actual service in behalf of the defendants, or in any business which- concerned them. . •
His misconduct was an act of wanton or thoughtless mischief, for the consequences of which the defendants (as the evidence now stands) are not responsible.
*579 We cannot avoid the conclusion that the jury attached an undue importance to the fact that Butler had been and perhaps was, at the time, an employee of the defendants, although not at the time acting in the scope of his employment, or in fact attending to any business which concerned them.
Reluctant as we are to disturb the verdict of a jury upon a mere question of fact, yet we regard these verdicts as so entirely without evidence to support them, that it is our duty to grant a new trial.
The verdicts must be set aside, and a new trial granted, on payment of the costs of the trial, including the costs of perfecting the judgments. The costs of the appeals must be costs in the cause, and abide the event.
Ordered accordingly.