Magee *v.* Caro.

See also 71 *N. Y.* 498; 26 *Am. Rep.* 327; Wallace *v.* Lawyer, 54 *Ind.* 501; S. C., 23 *Am. Rep.* 661; MacLellan *v.* Young, 54 *Geo.* 399; S. C., 21 *Am. Rep.* 276; Hightower *v.* Slaton, 54 *Geo.* 108; 21 *Am. Rep.* 273.

## New York Marine Court.

*Trial Term—April* 23, 1879.

### ELLEN MAGEE *against* JACOB CARO.

The defendant placed a large box on the sidewalk in front of his premises, which two boys threw over upon the plaintiff, doing her great injury.

*Held*, that the unlawful act of the defendant was not the proximate cause of the injury, and that the defendant was not liable for the willful act of the boys.

The plaintiff, while passing along the sidewalk in front of the store of the defendant, No. 450 Pearl

street, this city, on October 26, 1878, was knocked down by a large box used for packing looking-glasses, and sustained injuries for which he brought the present action to recover $2,000 damages. The evidence disclosed, without contradiction, that the box was thrown against the plaintiff by two boys who were playing upon the sidewalk at the time.

*John G. Boyd*, for the plaintiff.

*Joseph Koch*, for defendant.

McADAM, J.—The facts proved fail to make out a cause of action against the defendant. The proximate cause of the injury was the act of the two boys. Placing the box upon the public sidewalk may have been the primary cause, but the independent act of the boys—a thing the defendant could not have foreseen or have been expected to guard against—was the direct and immediate cause of the damages.

The defendant cannot be held for their tortious act, and is liable only for the consequences which flow in the ordinary and natural sequence from his own.

In Scott v. Shepherd (2 *W. Black.* 892 ; 1 *Smith Leading Cases*, 210), the celebrated squib case, it appeared that the defendant threw a lighted squib from the street into the market-house, where a large concourse of people were assembled, which lighted squib fell upon the stand of one Yeates, who sold gingerbread, &c. ; that one Willis, who had charge of the stand, to prevent injury to himself and the wares of Yeates, took up the lighted squib and threw it across the market-house, when it fell upon another stand of one Ryal, who in like manner took up the lighted squib and threw it to another part of the market-house, and in throwing it struck the plaintiff in the face, and the combustible matter then bursting, put out one of the plaintiff's eyes.

Magee *v.* Caro.

The court held that the throwing of the squib being unlawful, and mischief indiscriminate and wanton being intended, that what followed was attributable to the original act of the defendant, and not to any new force by the other persons. DE GRAY, Ch. J., said: " I look upon all that was done after the original throwing, as a continuation of the first force and first act, which will continue until the squib was spent by bursting. And I think that any innocent person removing the damage from himself to another is justifiable ; the blame lights upon the first thrower. The new direction and new force flow out of the first force, and are not a new trespass. . . . It has been urged that the intervention of a free agent will make a difference ; but I do not consider Willis and Ryal as free agents in the present case, but acting under a compulsive necessity for their own safety and self-preservation." NARES, J., said : The defendant " is the person who gave the mischievous faculty to the squib. That mischievous faculty remained in it till the explosion. No new power of doing mischief was communicated to it by Willis or Ryal. It is like the case of a mad ox turned loose in a crowd. The person who turns him loose is answerable in trespass for whatever mischief he may do." It will be readily observed that there is nothing in the case cited which fixes any liability upon the defendant in the present case. The boys who did the damage were free agents, and acted of their own volition. There was nothing inherently dangerous or explosive in the box, and the plaintiff might have passed and re-passed in safety, but for the mischievous conduct of the boys in overturning the box.

Judge BLACKSTONE, in reasoning out the squib case, says : " If a man tosses a foot-ball in the street, and, after being kicked about by one hundred people, it at last breaks a tradesman's windows, shall he have trespass against the man who first produced it ?

Surely only against the man who gave it that mischievous direction."

In Cuff v. Newark & New York R. R. Co. (35 *N. J.* 17), it was held that the intervention of the independent act of a third person between the wrong complained of and the injury sustained, is made a test of that remoteness of damage which, in some cases, forbids a recovery. In that case the court puts this apt illustration : "A. places a log in the highway, which B. casts into an adjoining close, or puts an obstruction upon the sidewalk, which passers-by throw into the roadway of the street, and a traveler is injured by coming in contact with it. A. cannot be held for the trespass in the one case, or for the injury in the other." In fact, there is no steam engine or piece of machinery so constructed but that an incompetent intruder might cause them to do damage to all in the vicinity. Is the owner to be held liable for such acts, committed without his agency and against his will? Certainly not. A person is answerable only for the natural consequences of his own act, or for the acts of those in his immediate employ ; in other words, for those consequences which might have been foreseen and expected as the results of his or their conduct, but not for those remote or exceptional contingencies which he could not have foreseen, and was therefore under no moral obligation to take into consideration.

If the plaintiff had been walking along the sidewalk in the night-time, and, not discovering the box in the darkness, had fallen over it and sustained an injury, the defendant would have been liable, because his negligent act in placing the box upon the highway would in that case have been the proximate cause of the injury ; or if a pedestrian, while walking upon the highway, had accidentally, or even carelessly, knocked against the box and thrown it over, the defendant might, perhaps, have been holden upon the ground that he knew

that persons were constantly passing and repassing, and he might therefore have foreseen and expected that such an event might happen, but he was not bound to suppose that any person would deliberately throw the box over upon pedestrians (Newson v. New York, &c. R. R. Co., 29 *N. Y.* 383), and he is not liable for such tortious acts by persons alike strangers to the parties to the record (Vide *et supra;* Flower v. Adam, 2 *Taunt.* 314 ; Weldon v. Harlem R. R. Co., 5 *Bosw.* 576 ; Carter v. Towne, 103 *Mass.* 107). The fact that the boys were under age does not alter the fact. They were free agents, and, whether of age or not, are responsible in law for their tortious acts. It follows, therefore, that the plaintiff has no cause of action against the defendant, and that her complaint must be dismissed, with costs.

See 70 *N. Y.* 132; 17 *Eng. Rep.*, Moak's Notes, 200; 18 *Am. Law Reg. N. S.* 217, and notes thereto.