JOHN FAHN, Plaintiff in Error.

*vs.*

GEORGE REICHART, Defendant in Error.

ERROR TO CIRCUIT COURT, WASHINGTON COUNTY.

8 255
85 295

A party who sets fire to logs and brush on his own lands, is not liable to an action though it be blown on the lands of his neighbor and burn his barn; unless the party setting the fire is also guilty of negligence or carelessness in setting it at that place and time.

The complaint in this case averred that the defendant on the 1st of April, 1858, carelessly set fire to a large log pile on his own lands and about three feet from the boundary of the plaintiff lands; that the fire continued to burn for three days, when the wind blew hard, and blew the sparks and fire from the log pile, about twelve rods, to a straw stack of the plaintiff's close to the plaintiff's barn, and so burnt the stack and barn with its contents, hay, and a fanning mill, &c. The answer denied the complaint, and the case was tried by a jury, on the trial it was proved on the part of the plaintiff that the plaintiff was the owner in fee of the barn and premises destroyed by the fire as in the complaint alleged; that the barn, one ton of hay, and an old Fanning Mill, belonging to the plaintiff, were wholly destroyed by fire between 4 and 5 o'clock in the afternoon of the third day of April, 1858, and that immediately before the destruction thereof, they were of the value of $416. It was further proved, that the defendant owned and cultivated the lands adjoining the plaintiff's land on the east side, and that at the time of the burning of the barn, there was some fire on the defendant's land near the line

between the plaintiff's land and defendant's land, where brush and log heaps had been set on fire on the afternoon or evening of the first day of April, 1858. There was further evidence produced on the part of the plaintiff, tending to prove that the fires, on the defendant's land were set by persons in the employ of the defendant, and in the ordinary course of their employment, and with the defendant's knowledge and assent; the defendant saw the fires burning on his lands for two days; that the burning of the barn and its contents was occasioned by sparks and cinders of fire blown by the wind, which was very high and strong at the time the barn caught fire, from the fires on the defendant's land, and that the defendant was guilty of negligence, in the care and management of the fires, and in allowing them to burn when the wind blew so hard, and in consequence of defendant's negligence and want of care the barn was set on fire and destroyed.

And on the part of the defendant, evidence was produced tending to rebut the proofs on the part of the plaintiff in relation to the cause of the burning of the barn, and relative to the negligence of the defendant. Upon the last two points, the evidence of both parties was wholly circumstantial. The evidence having closed, the circuit judge charged and instructed the jury. Among other things as follows: "That in order to find a verdict for the plaintiff they must be satisfied beyond a reasonable doubt, that the fire which destroyed and burned up the plaintiff's barn, was occasioned by a fire or fires then burning and existing on the defendant's land, and which were set by the defendant or his agents by his directions." To which the plaintiff excepted.

The verdict was for the defendant, and the plaintiff sued out this writ of error. The only point complained of was whether the instruction of the court was proper or not.

*Thorp & Shelley,* for the plaintiff in error.

*By the Court,* COLE, J.  We do not think that the plaintiff in error could have been prejudiced by the charge of the circuit court.  For suppose the evidence had been clear and incontestible, that the defendant in error by himself or servants, had set fire to the logs and brush upon his own land, and that the fire had been communicated to the plaintiff's barn, and destroyed it; still the action might not be sustained.  A man may burn logs and brush upon his own land. The act is not unlawful or necessarily attended with injurious consequences to his neighbors.  So the jury would not only have to find that the defendant caused the fire to be set there, but also that there was negligence or carelessness in putting the fire at that place at the time.  An action will not lie for an injury resulting from doing a lawful act in a lawful manner.  " A possible damage to another in the cautious and prudent exercise of a lawful right is not to be regarded, and if a loss is the consequence, it is *damnum absque injuria.*" *Clark vs. Foot,* 8 J. R., 421 ; *Pouton vs. Holland,* 17 *id.,* 92 ; *Thurston vs. Hancock,* 12 Mass. 220.

The defendant could not be held answerable in damages for the reasonable and proper exercise of a lawful right, attended by a cautious regard for the rights of others, when there is no neligence, unskillfulness or malice in the act done. The charge seems to be predicated upon the idea that the defendant would be liable if he set on fire the brush and log heaps upon his own land, and the plaintiff's barn was burned from sparks and cinders from this fire thus existing.  But if the defendant was not guilty of negligence in the care and management of the fire set by him, he would not be liable. So we think the charge of the court could not have prejudiced the plaintiff in error.

The judgment of the circuit court must be affirmed.