E. CONRAD MOE, Plaintiff and Appellant v. Z. B. JOB, Defendant and Respondent.

**1. Instructions Held Proper.**

> Instruction of court that there was no evidence contradicting testimony of defendant as to a certain fact *held* proper.

**2. Servant's Tort; Evidence of Principal's Orders to Servants.**

> Defendant having been sued for damages caused by fire alleged to have been set out by his servants or agents *held* proper to prove defendant's orders to his hired men not to set any fires.

(Opinion Filed May 6, 1890.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

Action for damages from fire claimed to have been set out by defendant on his own land. Plaintiff testified that he traced the fire back from his field to the defendant's land; that he saw smoke on defendant's land September 20; the plaintiff's property was destroyed on the 20th and 22d; that he saw smoke on

Job's land Sept. 22. William Hermanson testified that on the 20th day of September he saw two men go to that point on defendant's land to which plaintiff said that he traced the fire. The two men were then working at the fire. Witness did not see them start it. They stopped work because it began to rain. Defendant's horse came after them and they went to defendant's house. Witness saw smoke at the same point after the men had left.

The deposition of Luke Holman was read in evidence for the defendant, but in the abstract nothing of it appears except two questions, with the objections and rulings, but without the answers.

Messrs. Greene & Hildreth, for the appellant, argued: That the court erred in charging that there was no evidence that respondent set the fire or authorized it; that there was circumstantial evidence from which the jury might have found otherwise; citing, Field v. N. Y. R. R. Co., 32 N. Y. 339; Kaisen v. Milwaukee, etc., R. R. Co., 29 Minn. 12; Adams v. Roberts, 2 How. U. S. 486; Jewell vs. Jewell, 1 id. 219; Greenleaf v. Birth, 9 Pet. 292. That Holman's testimony was incompetent, and immaterial, and hearsay; citing, King v. Frost, 28 Minn. 417; Carrig v. Oakes, 110 Mass. 144; Pickering v. Cambridge, 144 id. 244.

Messrs Ball & Smith for the respondent.

CORLISS, C. J. The plaintiff and appellant is seeking by this suit to recover damages sustained by him by reason of the destruction of his grain by fire. He claims that the fire was set by the defendant, or his agents or servants on defendant's land, and spread to the farm of the plaintiff, where it burned his grain. The jury rendered a verdict for defendant, and the plaintiff asks this court to review the proceedings in the court below. It is said that the evidence is insufficient to support the verdict. To sustain this claim, we must hold that the trial court should have directed a verdict for the plaintiff. We have carefully examined the evidence, and without discussing it, we are clearly of the opinion that for the court to have directed a verdict for the plaintiff would have been unwarranted. The

appellant complains of a portion of the charge to the jury in which the trial judge said that defendant had testified that he did not set the fire, or authorize it to be set, and that there was no evidence to dispute such testimony. We find no error in this instruction, under the facts of the case. The plaintiff's evidence all pointed to a certain place on the defendant's farm as the source of the fire. While it appeared that the defendant had set other fires on the farm at different points, yet there was nothing in the case to show that any one of these fires was the author of the fire which burned plaintiff's property. On the contrary, the testimony was positive that there was no trace of fire between the point B, from which the fire started, and the other points, C and E, at which fires were set out by defendant. A. W. Linton, called as a witness on behalf of plaintiff, said: "There were no traces of fire between C and B." William Hermanson, another witness on behalf of plaintiff, testified: "The ground was not burnt over between B and C. Saw no stubble on Mr. Job's premises burned over, except between B and the north-west corner of the section." This is the direction the fire spread from B, in communicating with plaintiff's farm. There was no direct evidence that defendant set the fire at this place. The witness Hermanson says: "On Thursday, about 10 o'clock in the morning, I saw two men go over to B or C. I didn't see them start the fire there the first time on the start, but I see two men working at the fire." He does not pretend to identify the defendant as one of the men, but says that defendant's buggy drove over to that point, and one of the men got into it, and the other walked behind, and that they all went towards defendant's house. There was therefore no evidence on which the jury could base a finding that defendant himself set the fire. Nor was there anything in the case to show that he expressly authorized the fire to be set. There was no error in allowing the witness Holman to testify to orders which he heard defendant give about setting fire. It was not an attempt to prove the unsworn narration by the witness of a past event. It tended to establish as a fact that defendant had not expressly authorized the setting of a fire at that point, but that, on the contrary, he had expressly forbidden it. We have examined the other ques-

tions raised, but find no error in the record. The judgment of the district court is therefore affirmed. All concur.

WALLIN, J., having been of counsel, did not sit; ROSE, J., of the fifth judicial district, sitting by request.