90  105
98  270

[No. 14171.   Department One. — July 1, 1891.]

CAMILLE GARNIER ET AL., APPELLANTS, *v.* GEORGE K. PORTER, RESPONDENT.

NEGLIGENCE — SPREADING OF FIRE — USE OF FIRE FOR AGRICULTURE — MIS-DEMEANOR — TREBLE DAMAGES. — A farmer who necessarily sets fire to the weeds or brush on his own land, solely for the purpose of preparing it for the plow, intending to limit and control the fire, and who uses due care and diligence to control it, is not guilty of an unlawful act, within the meaning of section 384 of the Penal Code, providing that "every person who willfully or negligently sets on fire, or causes or procures to be set on fire, any woods, prairies, grasses, or grain, on any lands, is guilty of a misdemeanor," and is not civilly liable in treble damages, under section 3344 of the Political Code, to other parties whose lands are injured by the spreading of the fire.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Smith, Winder & Smith, Smith, Howard & Smith,* and *Glassell, Smith & Patton,* for Appellants.

Porter's abandonment of the fire, at the time and under the circumstances of the case, was gross negligence, and of such a character that it cannot in any way be justified or explained away, and he is therefore clearly liable for damages resulting. (Wharton on Negligence, 2d ed., 80, 97, 145, 789, 865–867; *Cleland* v. *Thompson*, 43 Cal. 437; *Higgins* v. *Dewey*, 107 Mass. 494; 9 Am. Rep.

63; Cooley on Torts, 589 et seq.; Civil Code, sec. 3344.) The unlawfulness of the act makes the guilty party absolutely responsible for all damage occasioned by the fire, whether due to his negligence or otherwise. (Cooley on Torts, 591; *Burton* v. *McClellan*, 3 Ill. 434; *Finlay* v. *Langston*, 12 Mo. 120; *Jones* v. *Festinoig R. Co.*, L. R. 3 Q. B. 733; *Johnson* v. *Barber*, 5 Gilm. 426; *Armstrong* v. *Cooley*, 5 Gilm. 509.)

*Graves, O'Melveny & Shankland*, and *Chapman & Hendrick*, for Respondent.

One who sets fire to anything upon his own premises must use ordinary care to avoid injuring thereby the property of another. And though the common-law rule may have gone beyond this, it is not the law in this country, unless it is made so by statute. (Shearman and Redfield on Negligence, sec. 328.) The owner of land has the right to burn the stubble for the purpose of bringing the land into cultivation, and is not liable for injury caused to his neighbor without proof of some other act or some other circumstance making the act negligent. He must use ordinary care to avoid spreading the fire upon the lands of the other, but the mere fact that the person thus making the fire does not keep a constant watch over it does not tend to prove negligence. (Shearman and Redfield on Negligence, sec. 329.)

TEMPLE, C.— Appeal from judgment and order refusing plaintiffs a new trial.

This action is for damages for the destruction of the hay, grasses, and pasture on 2,880 acres of land. It is charged that defendant " willfully and negligently kindled a fire on his land and set fire to grasses growing thereon in the vicinity of the plaintiffs' land, and so negligently watched and tended the said fire that it spread over the intermediate space, and came to and spread

over the plaintiffs' land, and consumed the hay, grass, and pasture," etc.

Plaintiffs claim that they were damaged in the sum of forty thousand dollars, and that by reason of section 3344 of the Political Code they are entitled to judgment for treble that sum.

The answer contained a general denial.

A jury having been waived, the action was tried by the court, which found for the defendant, specifically negativing all the material allegations of the complaint, and also finding that "said fire did not come upon the land so occupied by the plaintiffs, or any portion thereof, by reason of any negligence on the part of the defendant whatever."

We think the findings sufficient, and there is undoubtedly evidence to sustain them. But the plaintiffs contend that the act of defendant in setting fire to the stubble on his own land, although an ordinary agricultural process, was unlawful, and therefore the defendant is liable for the natural consequences, irrespective of the question of negligence.

This is supposed to be the effect of section 384 of the Penal Code, which is as follows: "Every person who willfully or negligently sets on fire or causes or procures to be set on fire, any woods, prairies, grasses, or grain, on any lands, is guilty of a misdemeanor."

The section is similar to section 142 of the act concerning crimes and punishments passed April 16, 1850. That contained, however, a proviso, excepting fires set by any one near his own farm for the necessary preservation thereof, after giving notice to his neighbors. (Stats. 1850, p. 247.)

In 1872 an act was passed making it a misdemeanor to set fire to any wooded country or forest belonging to the state or the United States.

Section 3344 of the Political Code provides that any one negligently setting fire to his own woods, or negli-

gently suffering any fire to extend beyond his own lands, is liable in treble damages to the party injured.

These citations show that from the very beginning, similar penal statutes have existed in this state; and yet it has always been the policy of the state to encourage settlement of the country, the clearing of lands, and reducing them to a condition in which they would be suitable for cultivation. We all know that fire has always been one of the most common and efficient agencies in clearing and subduing wild lands. And in this state burning stubble has been from the first an ordinary agricultural process in annually preparing lands for the plow.

It is not to be believed that it was intended by these penal laws to prohibit common farming operations.

When the law was first enacted, the lands of this state were generally uninclosed, and unoccupied, save for grazing purposes. Frequent fires spread over the country, destroying timber, grass, and other property. Nor are such fires very uncommon now. Unquestionably, the law was designed to prevent such calamities as far as possible. To construe the statute literally, so as to interfere with ordinary farming processes, would evidently be giving it an effect not intended. Nor is such construction necessary.

If one sets fire to the weeds or brush on his own land, so as to prepare it for the plow, intending to limit and control the fire, and actually does so, he has not set fire to the prairies, within the meaning of this statute. If, under such circumstances, the fire gets out of his control, he has set fire to the prairie, but not willfully, although it may be negligently.

It is premised that such fire is set for a lawful purpose, and there can be no doubt that agriculture constitutes such lawful purpose. If, on the other hand, a hunter, or one designing to camp upon the land of another, were to set such fire, he would perhaps be civilly liable for the

natural consequences of his ac although using the greatest diligence to control the fire he had set.

And there is much in the statutes cited, besides this general presumption, which favors this conclusion. The act of 1872 (Stats.1871–72, p. 66) implies that one may lawfully set a forest fire on his lands, and makes it a misdemeanor to allow such fire, though "made for a lawful purpose," to spread.

Section 3344 of the Political Code, in pursuance of which plaintiffs claim the right o treble damages, seems to imply that the act of setting the fire was not criminal; for it makes the liability depend upon negligence in setting the fire or in permitting its spread.

In this case the defendant, when the fire got away from him and spread over the lands of the plaintiffs, was engaged in back-firing, as the custom of the farmers in that vicinity is, preparatory to burning the stubble upon his own lands, in order that it might be plowed, and the evidence is that such burning was necessary to fit the land for that purpose; that in fact it could not be plowed by the ordinary means without such preparation of the land. And there was evidence which tended to show due care in setting the fire, and due diligence in endeavoring to control it after it had spread from his own land.

We think the judgment and order should be affirmed.

BELCHER, C., and FITZGERALD, C concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.