## MATTOON v. FREMONT, E. & M. V. R. CO.

1.  When the plaintiff in his complaint alleges that the defendant, by its servants, on a certain day set a fire on defendant's right of way for the purpose of burning off conbustible material thereon, and defendant in its answer sets up substantially the same, the fact that the persons setting the fire were the servants of the defendant, and were acting within the scope of their authority, is admitted, and evidence to prove the same is not required on the trial, when the general denial is that the defendant denies each and every allegation of the complaint which is not thereafter specifically admitted or qualified.

2. Where a party makes a fire upon his own land for a lawful purpose, and the fire spreads to other land, the person complaining thereof must affirmatively prove negligence, of which the fire itself is no evidence.

3. The gist of an action in such a case is negligence, and the burden of proof to show such negligence is upon the plaintiff; and in the absence of evidence tending to prove such negligence on the part of the defendant, or his agents or servants, the plaintiff cannot recover.

(Syllabus by the court.    Opinion filed Sept. 1, 1894.)

Appeal from Pennington county court.    Hon. LEVI MC-GEE, Judge.

Action to recover damages for property alleged to have been destroyed by fire and stock killed by defendant's negligence.    From a judgment for plaintiff, defendant appeals.    Reversed.

The facts are stated in the opinion.

J. W. Fowler, for appellant.

Before the declaration of an agent can be introduced in evidence it must be shown that he had authority to act and that the act was within the apparent scope of his authority. Drake v. Raiload, 29 N. W. 805; Armil v. Railroad, 28 A. & E. 467; Lumgston v. Midland, 35 Ia. 556; Verry v. Railroad, 47 Ia. 549.    Declarations of the agent are not competent for the purpose of proving the agency.    Abbott's Trial Ev. 276; Snook v. Lord, 56 N. Y. 605; Missouri y. Stutts, 15 A. & E. 97; 2 Greenleaf Ev. 51.    A party setting out a fire on a calm morning will not be deemed negligent, because he did not anticipate a change in the action of the wind.    Sweeney v. Merrill, 16 Pac. 454; Mor v. Job, 45 N. W. 700; Thorburn v. Campbell, Id. 769; Russell v. Reagan, 34 Mo. App. 242; Garnier v. Porter, 90 Cal. 105; Sheorman and Redfield on Neg. sec. 329; Wharton Neg. 867; Stuart v. Hawley, 22 Barb. 619; Calkuie v. Barger, 44 Barb. 424; Tobin v. Reshart, 8 Wis. 255; Losee v. Buchanan, 51 N. Y. 476.    The burden of proof is on the plaintiff to prove the injury to or killing of, animals by the train of the defendant.    Valkmann v. Railroad, 5 Dak. 69; Gay v. Railroad, Id. 514; Williams v. Northern Pacific, 3 Dak. 168; Maynard v. Rail-

road, 115 Mass. 460; Lack v. Railroad, 15 Minn. 362; Spaulding
v. Railroad, 121 Mass. 121;   Id. v. Id., 33 Wis. 582.

*Chauncey L. Wood* and *Charles J. Buell,* for respondent.

Assignments of error cannot be considered by the appellate
court unless they specify or point out wherein the error consists.
McCormack v. Phillips, 34 N. W. 39; Canfield v. Boyle, 2 Dak.
464; State v. Chapman, 1 S. D, 414; 47 N. W. 411.   An appel-
late court will not consider an assignment of error based upon
the alleged insufficiency of the evidence unless the record on
appeal affirmatively shows that it contains all the evidence.
Jandt v. South, 2 Dak. 46; Gilbert v. Miller, 47 N. W. 1016; *In
re* Holderbannis estate, 47 N. W. 898; State v. Hagen, 45 N. W.
903; Atterberry v. Portland, 22 Pac. 527; Eddy v. Weaver, 15
Pac. 492; Brackett v. Cunningham, 47 N. W. 157; Roy v. Union,
26 Pac. 996; Matlinger v. Lake, 19 N. E. 733; Collins v. Been,
44 N. W. 769; Davis v. Badders, 10 So. 422; York v. Forten-
berry, 25 Pac. 163; Hooper v. Buford, 26 Cal. 34; Glover v.
Lawler, 26 Pac. 7.   Error must affirmatively appear from the
record.   Valley Land v. Schone, 2 S. D. 344; 50 N. W. 356.
Unless the record otherwise shows it will be presumed that the
instruction refused was covered by those which were given.
Winstow v. Burnell, 24 Pac. 477; Bush v. Young, 28 N. E. 344;
Renshaw v. Swetzer, 13 Pac. 127; McGillis v. Gale, 36 Ill. App.
316; Hellinute v. Katschke, 35 Ill. App. 21;  Sexson v. Hoover,
27 N. E. 105; City v. McCulloch, 26 N. E. 1027; Cobb v. Malone,
6 So. 299.

CORSON, P. J:  This was an action brought by the plain-
tiff to recover damages for hay and other property destroyed
by fire alleged to have been caused by the negligence of de-
fendant's servants, and for the value of certain live stock al-
leged to have been killed by the negligence of defendant's
servants and employes.   At the close of the evidence on the
part of the plaintiff the defendant moved the court to direct
the jury to return a verdict for plaintiff for the value of

certain live stock only, amounting to $65, being the damages claimed in the second, third, and fifth causes of action, as stated in the complaint, and for the defendant on all the other causes of action, on the ground that there was no proof that the fire mentioned in the first cause of action was occasioned by the employes or agents of the defendants; and, if occasioned by such employes, there was no evidence that such agents or employes were acting within the scope of their authority; and, further, that there was no evidence that defendant's agents and servants were guilty of negligence, or that the fire started on defendant's right of way was the proximate cause of the burning of the plaintiff's property; and, further, that there was no evidence that the cow, for the loss of which damages were claimed in the fourth cause of action, was ever killed or injured by defendant. The motion was denied. On the submission of the case to the jury, the counsel for the defendant requested the court to give the jury the following instruction: "The court instructs the jury that before the declarations of these men who set the fire on August 31, 1889, can be admitted in evidence against the defendant, some evidence that they were authorized to act for the company in relation to the setting out of fire and burning off the right of way must be introduced."—which was refused, and exception duly taken. The refusal to grant the defendant's motion and to give the instruction requested are assigned as error. It is further assigned as error that the evidence is insufficient to sustain the verdict.

The learned counsel for the appellant contends that there. was no proof that the persons who set the fire on the defendant's right of way were the servants of the defendant, or were acting within the scope of their authority, if in fact they were such servants of the defendant. Assuming that no such proof was before the court, was such proof necessary under the pleadings in the case? The first question presented, therefore, is as to the effect of the qualified denial and admission in the

answer. The complaint is in the usual form. In the first cause
of action it is alleged ''that the defendant, on said 31st day of
August, A. D. 1889, by its servants and employes intentionally
kindled a fire on its said right of way, near to and adjoining the
plaintiff's land above described, and so negligently watched and
tended the said fire that it came to this plaintiff's said land, and
burned over a large portion thereof, to wit, sixty acres of said
land, and destroyed and comsumed twenty tons of said hay in
stack on said land, and of the value of one hundred and thirty
dollars, and destroyed and comsumed ten tons of said hay on
cock on said land, and of the value of sixty dollars, and de-
stroyed and comsumed sixty tons of said grass standing uncut
on said land, and of the value of three hundred and sixty dol-
lars." The answer, after admitting the corporate capacity of
the defendant, and that it was engaged in operating a line of
railroad in the county of Pennington, S. D., mades the follow-
ing denial: "Second. The defendant denies each and every
allegation and averment contained in plaintiff's complaint here-
in which is not hereinafter specifically admitted or qualified;
and the defendant denies that the plaintiff was damaged by the
defendant, or its agents, servants, or employes, in the sum of
eight hundred and ninty dollars, or in any other sum whatever;
and further denies that the property mentioned in the said
plaintiff's complaint was of the value of nine hundred and
twenty dollars, or that it was of any value whatever." The
third paragraph of the answer is as follows: "For further and
affirmative answer to the first cause of action in plaintiff's com-
plaint, the defendant says that it now is, and for more than three
years last past has been, the owner of a strip of land one hun-
dred feet in width, to wit, fifty feet in width on each side of the
center line of the defendant's said railroad, where the same passes
over and across the southwest quarter of section seventeen, in
township one, north of range eight east, Black Hills meridian,
in said Pennington county, state of South Dakota, and that this

defendant became the owner thereof in the manner provided by
law, to wit, by the condemnation of said strip of land to be
used as a right of way for said railroad in the manner provided
by law, and by the payment thereof, as is provided by law in
such cases, and that such strip of land is used by the defendant
as a roadbed and right of way through the said land described
in the first cause of action in plaintiff's complaint; that on the
31st day of August, 1889, the defendant's servants were burn-
ing upon said strip of land, to wit, upon defendant's right of
way, the prairie grass, rubbish, and combustible material
thereon, for the express purpose of preventing the spread of
prairie fires, and that such servants used due care and precau-
tion to prevent the fire from spreading from defendant's right
of way to the land belonging to the adjoining owners, and that
they particularly used due care to prevent the spread of fire
onto the said land claimed by plaintiff in his complaint. And
the defendant denies that its said servants and employes so
negligently watched and tended said fire upon said right of
way that it came to the plaintiff's land, and burned any of his
said property, but alleges the fact to be that it was using all
means within its power to so keep its said right of way and
roadbed that it would cause the least possible danger to the ad-
joining owners."

This court has held, in several cases, that an admission in
one defense in an answer cannot be referred to as supplying
proof of an allegation in the complaint, when there is a gen-
eral or specific denial of the allegations of the complaint. But
in the case before us there is no general or specific denial, ex-
cept as hereinafter "specifically admitted or qualified." In the
paragraph from the answer quoted, the defendant specifically
admits that the persons engaged in setting the fire were its
servants, lawfully engaged in burning off its right of way. The
pleader substantially admits in the answer the allegations of
the complaint which we have quoted. We are of the opinion
that under this qualified form of denial the admission was

available to the plaintiff, and he was not required to give evidence that the persons setting fire on the defendant's right of way were the servants of the defendant, or were acting within the scope of their authority. But, independently of the admissions in the pleadings, we are of the opinion that the evidence fully warranted the jury in finding that the parties setting the fire were the servants of the defendant, and that they were acting within the scope of their authority. As the evidence upon this subject contained in the record is short, we reproduce here: "Mr. Farrell, a witness sworn on behalf of plaintiff, testified: * * * On the day of the fire, August 31, 1889, witness was digging a well on his own premises. It was down to the depth of about 22 feet. He was up and down several times from the well, and saw, as he stated, section men burning along the road on the east side. The wind was then blowing from the southeast. The witness testified that about one o'clock, in his judgment, the fire was getting away from the men and he sent Mr. Schleuning's boy to so inform them. Witness then went to help be at out the fire, and what he calls the 'section boss' sent two men to help put the fire out. * * * Witness Johns, sworn on part of plaintiff, testified as follows: That he was returning home about eleven o'clock in the forenoon, and then saw fire along the railroad. He states it was section men burning off the right of way. This witness assisted in preventing the spread of the fire, and thinks there were four section men, and that they did all they could to prevent the spread of the fire, and kept right on working to that end. At the time this witness went out to assist, the fire had only a few minutes previously broken away. · The wind had changed, so witness stated, so that the inclination was to blow from the track rather than towards it. Witness also testified that the section hands told him that they were burning fire guards along the track, and the fire got away from them. Ernest Schleuing, a young boy, sworn as a witness on the part of plaintiff, testified: That the fire started about forty rods from the southeast corner of

John Farrell's place.   He saw four or five men working setting fire..  At the time the fire started near Farrell's place, the men were about eighty rods distant, down near °plaintiff's fence. Witness was here asked if they left the  fire burning, to which he answered, 'no; the section boss sent  a couple of men to put ·the·fire out, and the men came up, and the wind was blowing a little, and it got away from  them.'   They had to come about eighty rods, and witness says Mr. Farrell sent him down to tell them."   It will be observed that these witnesses  described the men as "section men," and the man in  charge as the "section boss."  We may presume in the absence of any cross-examination, that the witnesses were acquainted with these "section men" and "section boss" on this portion of the line of the road.   The further fact appearing, that the men were engaged in the daytime in  performing work usually done at that season of the year by railroad companies,  in the  absence of  any evidence upon the subject by the defendant, was, we think, sufficient to justify the jury in finding  that they  were servants of the company, and acting under its orders, without giving any effect to the declaration made by the section men to the witness Johns.   The evidence of all the witnesses on behalf of the plaintiff proved precisely what the section men  stated to Johns,—that the fire got away from their control.

Again, counsel for the appellant contend that there was no evidence of  negligence in  the management of  the fire, and therefore the court should  have granted the motion of  defend-
e  are of the opinion that, as to the first cause of action, the motion of the defendant should have been granted.   It will be observed that there is  no evidence·on the part of the plaintiff—all of which contained in the abstract is given in the opinion, so·far as the same relates to the fire—that  the defendant's servants and  employes were guilty of  negligence either in  the setting  or  management  of  the fire.    On  the contrary,  the evidence of plaintiff's witness Johns is "that  they [the defendant's servants] did all  they could  to prevent  the spread of the

fire and kept right on working to that end. At the time the witness went out to assist, the fire had only a few minutes previously broken away. The wind had changed, so witness stated, so that the inclination was to blow from the track rather than towards it." It further appears that the section boss sent two men to assist the four section men in their efforts to control and prevent the spread of the fire. It will thus be seen that the evidence, so far as the same appears in the record before this court, tends to negative any negligence on the part of the defendants' servants, rather than to prove any negligence on their part. The weight of authority in this country undoubtedly sustains the rule that in cases of this class the plaintiff must affirmatively prove negligence on the part of the defendant, to entitle him to recover for damages caused by a fire set by the defendant for a lawful purpose on his own premises. In Shearman & Redfield on Negligence, the authors, after discussing the rule in England, say: "But this rule is certainly not law in any part of the United States. In any case in which one makes a fire on his own land for a lawful purpose, and the fire spreads upon other land, the person complaining thereof must affirmatively prove negligence, of which the fire itself is no evidence." Shear. & R. Neg. (4th Ed.) section 668. Mr. Thompson, in his work on Negligence, thus states the law: "Fire, like water or steam, is likely to produce mischief if it escapes and goes beyond control; and yet it has never been held in this country that one building a fire upon his own premises can be made liable if it escapes upon his neighbor's premises and does him damage, without proof of negligence. 1 Thomp. Neg. pages 55, 56. In Tourtellot v. Rosebrook, 11 Metc. (Mass.) 460, the court says on pages 462 and 463: "The only material question raised by these exceptions is whether the jury were rightly instructed as to the burden of proof. The action was trespass upon the case, charging the defendant with carelessly setting fire to a coalpit, on his own land, and not watching the same with proper care and diligence, in conse-

quence of which neglect the fire escaped from the said coalpit, and was conveyed, by the wind or otherwise, to the plaintiff's land, there doing the damage complained of. The court ruled, and so instructed the jury, that the burden of proof was on the plaintiff to prove that the defendant, in the burning of his coalpit, did not use due care and diligence to control the fire and prevent its escape to the surrounding lands. This ruling, we think, was very clearly correct. The action is founded on a charge of negligence, and this is the gist of the action; for the defendant had a right to kindle a fire on his own land, using reasonable care and diligence to prevent its spreading and doing injury to the lands of others. If, then, the jury doubted as to the charge of negligence, they could not find for the plaintiff, and consequently the burden of proof was on him. * * * For the same reason, the plaintiff in this case had the burden of proof of the defendant's negligence, because, unless that fact was proved, it is very clear that the action cannot be maintained." This is referred to by most of the text writers and courts, and may be regarded, as a leading case upon the question as to the party upon whom rests the burden of proof in actions of this class. In Losee v. Buchanan, 51 N. Y., 476, the court, on page 487, says: "In conflict with the rule as laid down in the English cases is a class of cases in reference to damage from fire communicated from the adjoining premises. Fire, like water or steam, is likely to produce mischief if it escapes and goes beyond control; and yet it has never been held in this country that one building a fire upon his own premises can be made liable if its escapes upon his neighbor's premises and does him damage, without proof of negligence." In Clark v. Foot, 8 Johns. 421, the court says: "It is a lawful act for a person to burn his fallow; and if his neighbor is injured thereby, he will have a remedy by action on the case, if there be sufficient ground to impute the act to the negligence or misconduct of the defendant or his servants. Should a man's house get on fire without his neglect or default, and burn his neigh-

bor's, no action would lie against him, notwithstanding the fire originated in his house, because it was lawful for him to keep fire there. 2 Bl. Comm. 43; Noy's Max. c. 44. The same rule would apply to this case." Stuart v. Hawley, 22 Barb. 619; Calkins v. Barger, 44 Barb. 424; Lansing v. Stone, 37 Barb. 15; Barnard v. Poor, 21 Pick. 378; Tourtellot v. Rosebrook, 11 Metc. (Mass.) 460; Bachelder v. Heagan, 18 Me. 32; Catron v. Nichols, 81 Mo. 80; Higgins v. Dewey, 107, Mass. 494; Sturgis v. Robbins, 62 Me. 289; Sweeney v. Merrill, 38 Kan. 216, 16 Pac. 454. For a very instructive case upon the question of the general liability for damages by a party in the use of his own premises, see opinion of Bronson in Radcliff v. Mayor, etc., 4 N. Y. 195. As bearing upon this question see, also, Moe v. Job, 1 N. D. 140, 45 N. W. 700; Russell v. Reagan, 34 Mo. App. 242; Garnier v. Porter, 90 Cal. 105, 27 Pac. 55; Whart. Neg. sec. 867; Fahn v. Reichart, 8 Wis. 255; Railroad Co. v. Butts, 7 Kan. 308; Thoburn v. Campbell, 80 Iowa, 338, 45 N. W. 769.

It will be observed, from the allegation of the complaint quoted above, that there is no allegation that there was any negligence on the part of the defendant in setting the fire, or that it was set at an improper time or place, or in an improper manner, and that the only negligence complained of is "that it was so negligently watched and tended that it came to plaintiff's land." It is clear, therefore, that, in the absence of evidence tending to prove negligence on the part of defendant's servants in so allowing the fire to escape from its right of way, the plaintiff could not recover. That there is a total want of such evidence, as we have seen, clearly appears from the evidence in the record. As the court, therefore, should have granted the plaintiff's motion as to the fourth cause of action, for its refusal to do so the case must be reversed.

Again, in his motion to direct a verdict, the counsel for appellant insisted that a verdict should be directed for the defendant upon the fourth cause of action, upon the ground that there was no evidence that the cow, for the killing of which damage

was claimed, was ever struck or killed by the defendant's locomotive or cars. The only evidence in the abstract upon that question is stated as follows: ''Regarding the cow mentioned in the fourth cause of action in the complaint, the plaintiff testified that she drifted away in a severe storm, and was not found until three days afterward, and when found she was in a standing position in a mud hole near the defendant's track, with only her head and back above the surface. She was not seen on the defendant's track, and there was no evidence along the track that she had been there. Witness testified that the hair was off the top of her back, and the top of her head had the appearance of being bruised.'' We are of the opinion that the court should have directed a verdict for the defendant on this cause of action, under this evidence. It will be observed that there is no evidence that the cow was killed, or her death in any way caused, by the defendant, its agents or servants. Under our staute (section 5501, Comp. Laws), upon proof that the death was caused by the defendant, its agents or servants, the plaintiff would be entitled to recover without any proof of negligence on the part of the defendant, negligence being presumed. But evidence sufficient to warrant a jury in finding that the killing was caused by the defendant must be given on the part of the plaintiff. This the plaintiff failed in this case to give.

Our conclusion is that the judgment of the circuit court, so far as it is based upon the first and fourth causes of action, should be reversed, and a new trial granted. We do not deem it necessary to discuss the instruction refused; or error alleged as to the admission of evidence, as no such question may arise in a future trial. The judgment of the court below, so far as it is based upon the first and fourth causes of action set out in the complaint, is reversed, and a new trial ordered; all the judges concurring.