PETERSON, Appellant, v. ROBERTS COUNTY et al, Respondents.

(141 N. W. 368.)

**1.  Indemnity—Pleadings—Privity—Sufficiency of Complaint.**

A complaint, in an owner's action for damages, alleging construction by defendant county, through its agent, of a drainage ditch across plaintiff's lands, without plaintiff's consent, to his damage, etc., and that other owners of land in the locality were greatly benefited by the ditch and had agreed in writing with the county that if it would construct the ditch they would save it harmless from any damages by reason of its construction, did not state a cause of action against such owners, because of want of privity between plaintiff and them thereunder.

**2.  Pleadings—Admissions and Denials—Matters Necessary to Present Defense.**

The county's answer in an action for damages from construction of a ditch denied all allegations in complaint except those of said defendant's corporate capacity and of plaintiff's ownership of lands, and for further answer alleged, among other things, that the contractors for the ditch entered upon plaintiff's land and constructed the ditch pursuant to contract with the county. Held, that, as the admissions in the further answer regarding employment of contractors were unavoidably made in order to properly present that defense, plaintiff could not avail himself of such admissions to supply omissions in his own proofs to connect contractors with county.

**3.  Eminent Domain—Action for Damages—County's Liability—Admissibility of Evidence.**

Plaintiff, in an action against a county for damages to his land from construction of a ditch, offered drainage proceedings to show no notice given him, no condemnation proceedings held, no order determining his damages, and no opportunity to him to appeal, but did not offer thereby to connect county with the acts of the ditch contractors; plaintiff also offered an undertaking reciting that he and another party had sued the county and another to enjoin entry upon his lands, that temporary

injunction had issued and that the undertaking was given to obtain vacation of the injunction and was signed by some of the defendants, conditioned to pay plaintiff all damages in that action. **Held,** that as such other action was then pending, and it appearing from the undertaking that plaintiff's claim for damages was protected in that suit, the undertaking was inadmissible in evidence.

4. **Same—Action for Damages—Sufficiency of Evidence—Parties.**

In a suit for damages against a county and others for damages to plaintiff's land from construction of a ditch, **held,** to establish only a cause of action against contractors, not made parties, and hence to sustain a judgment for defendant.

5. **Counties—Damages—Eminent Domain—County's Liability for Costs.**

A county is not liable for costs on appeal, out of its regular funds, in a suit against it by an owner for damages from its construction of a ditch.

6. **Eminent Domain—Liability for Damages—County—Drainage Fund.**

A county's liability for damages an owner might have recovered against its contractors for construction of a ditch, is limited to funds in its control derived from the drainage project, or to those derivable from an assessment by it hereafter to pay such damages.

Whiting, J., concurring in the result.

(Opinion filed May 6, 1913.)

Appeal from Circuit Court, Roberts County. Hon. FRANK McNULTY, Judge.

Action by S. L. Peterson against Roberts County, South Dakota, Gold Brothers Security Company, and others, for damages from construction of a drainage ditch over plaintiff's land. Judgment for defendants, and plaintiff appeals. Affirmed.

Paragraph 7 of complaint is part of the alleged first cause of action.

*C. R. Jorgenson,* for Appellant.

The complaint clearly shows a cause of action against the defendants, Gold Bros. Security Company, Jno. A. Munro, Henry Osterloh and Wm. J. Maly, and that they are the parties in interest and those for whose benefit and at whose request the drain was dug.

If it was not incumbent on the defendants to show that all the requirements of the law had been complied with and the proper notice given, it was certainly error of the court in denying the

plaintiff's motion for leave to reopen his case and show by the records that the steps required by law to be taken had never been taken.   (Transcript p. 126.)

The defendants contend that no cause of action is stated against Roberts county, and that the drainage district alone was liable.

We submit that no drainage district was ever established as no steps were ever taken for that purpose as provided by law, and that the county and the other defendants were simply trespassers, and that the county acted upon the request of the other defendants who executed to the county a bond to protect it from and in all actions for damages.

This bond was executed to the county by the individuals bene· fited and not by any drainage district.   The plaintiff therefore contends that under the showing made in this case a cause of action was made out against all the defendants and the verdict and judgment should have been for the plaintiff.

*J. J. Batterton,* and *Thos. L. Bouck,* for Respondents.

The only allegation in the first cause of action as to these parties is that as shown in paragraph seven.   It is there stated that they are the owners of tracts of land adjacent to Bull Head lake, that was improved by the construction of the ditch, and that they had entered into a written obligation with the county, that if it would construct the ditch, that they would save the county harmless from any and all damages it might sustain on account thereof.

It is nowhere stated that these defendants have done the plaintiff any wrong, nor have they in any way obligated themselves to pay him any money or damages on account of the ditch or otherwise.   It is simply stated that they have agreed to indemnify Roberts county against damage.   It is not alleged that these defendants entered upon the land or dug the ditch or had anything to do with the digging thereof.   Paragraph four of the complaint alleges that Roberts county, by its agents, Knorr Bros., did wrongfully and unlawfully enter upon the lands and do various and sundry wrongs.   It is not claimed that such wrongs were committed by or at the instance of any of these defendants.

There is no contractual relation stated between these parties and the plaintiff, either directly or for his benefit.   They have not

committed any tort or caused any other person to commit any tort.

A written obligation given by these parties to Roberts county would be of no force or effect for the reason that, under the law, said county could not be placed in a position where it would be liable for damages under circumstances such as those set forth in the complaint, or in fact, under any circumstances.

It is to be hoped that it is not seriously contended that the county of Roberts could be a trespasser; nor could it be contended that the other defendants were trespassers, unless they had by themselves, or by their agents, committed such trespass. The only possible parties against whom a cause of action could exist, would be Knorr Bros., the parties who entered upon the land and dug the ditch.

This court will not overlook the fact that on April 14, 1910, plaintiff presented a bill to the commissioners of Roberts county, which read:

"Damage to wheat and corn as per bill rendered July, 1908, $25.00."

This bill was allowed on April 5, 1910, when the plaintiff appeared before the board, and there was a long discussion had at that time in regard to the whole matter, and without acknowledging any liability and also as a matter of compromise and settlement and getting rid of the plaintiff, the bill was allowed. If he had suffered all of the damages which he has claimed in his complaint, amounting to $2500, he certainly knew it at that time. It might also be contended with force and correctness that if there ever was any liability on the part of the county, that the payment of this $25 was a settlement thereof, and that he could not make any claim for damages at any future time.

This matter of payment is expressly provided for in our drainage law by a fund raised for that purpose, and in the manner provided by statute. Payment in some instances may be made by bonds, and to show the intent of the law in that regard, reference is made to section 15 of chapter 134 of the Laws of 1907, which, in part, provides:

"Separate funds shall be kept by the treasurer for each drain or drainage, and no funds for one drainage system shall be applied to any other drainage." Bowler v. Renville County, (Minn.)

116 N. W. 1028; Elmore v. Drainage Commissioners, (Ill.) 25 N. E. 1010; See, General Subject, 14 Cyc. 1057.

GATES, J.   The complaint in this case alleges ownership of S. E. ¼, 4-122-49 in the plaintiff; the amount of damages claimed; and the filing of the claim therefor with the county board of Roberts county.   Paragraph 4 of the first cause of action is as follows: "That in the year 1908 the defendant Roberts county, by its agent, Knorr Bros., without the authority of law and without the permission or consent of this plaintiff and against his protest and with force and arms, entered upon the land of the plaintiff herein described, and took possession of a large strip of land extending through same, and constructed thereon and through a large ditch or drain same being regularly known as the 'Lake & Lee Ditch' cutting plaintiff's land in two and throwing a great deal of stones and dirt upon both sides of said ditch and covering up and destroying a large portion of plaintiff's land."   The second cause of action shows damages by deepening, enlarging, and widening said ditch.

[1] Paragraph 7 of the complaint is as follows: "That the defendants Gold Bros. Security Company, Jno A. Munro, Henry Osterloh, and W. J. Maly are owners of large tracts of land adjacent to what is known as Bull Head Lake and which land was greatly improved by the construction of said ditch; that prior to the construction of said ditch the said defendants entered into a written obligation wherein and whereby they agreed to and with said Roberts county that, if the said county would construct the said ditch, the said defendants would save the said county of Roberts whole and harmless from any and all damages it might sustain by reason of the construction of the said ditch."   Upon the trial the court sustained the objection of the defendants mentioned in paragraph 7 to the introduction of evidence as to them upon the ground that the complaint did not state a cause of action as to them.    It is clear that such ruling was correct because there was no privity between the plaintiff and said defendants under the agreement alleged in said paragraph.

[2] The answer of the defendant county admits the corporate capacity of the county and of the Gold Bros. Security Company, and admits that plaintiff owns the land and denies "all of the allegations of the complaint and of each cause of action therein

except as *hereinbefore* admitted." For a further answer and defense the defendant county sets up the proceedings for the establishment and construction of the so-called Lake & Lee Drainage Ditch, which facts, if they had been proven as alleged, would appear to have constituted a full and complete defense to the plaintiff's cause of action. One of the allegations of such further answer and defense is that the said Knorr Bros. entered upon the lands of plaintiff and constructed the said ditch pursuant to contract made with the said county in said drainage proceeding. Unless this and other admissions in the further answer of the defendant county may be considered as supplying proof that Knorr Bros. were working under the employment of the county, there is no sufficient evidence to connect the defendant Roberts county with the acts of Knorr Bros., specified in the complaint.

We have carefully searched the transcript of the testimony, and the following testimony of plaintiff, on page 54 of such transcript, elicited on cross-examination, is the only thing we have been able to find which in any way tends to connect the defendant county with the acts of Knorr Bros., viz.: "Q. You saw them digging and you saw Knorr Bros. there? A. Yes, sir. Q. You knew they were working for the county, didn't you; you knew the county had hired them to dig the ditch? A. Yes, sir." This evidence, together with the claim for $25 damages (Exhibits 3 and 4) allowed by the county, constitutes the evidence tending to connect the defendant county with the acts of Knorr Bros. complained of. In the case of Mattoon v. F. E. & M. V. Ry. Co., 6 S. D. 301, 60 N. W. 69, this court said: "This court has held, in several cases, that an admission in one defense in an answer cannot be referred to as supplying proof of an allegation in the complaint, when there is a general or specific denial of the allegations of the complaint." In that case, however, the answer denied only such matters as were not "hereinafter 'specifically admitted or qualified.' "

It is our opinion that the admissions in the further defense of the defendant county in regard to the employment of Knorr Bros. were unavoidably made (McLaughlin v. Alexander, 2 S. D. on page 237, 49 N. W. 99) in order to properly present that defense, and that the plaintiff cannot avail himself of such admissions in order to supply omissions in his proof.

[3] After the plaintiff had rested and the defendant county had moved for a direction of the verdict, the plaintiff asked for leave to open the case to introduce the drainage proceedings. in evidence, "for the purpose of showing that no notice was given to the plaintiff, and that no condemnation proceedings were ever had and no order was ever made determining the plaintiff's damages or assessing his benefits upon this land, and that the plaintiff never had any opportunity to appeal from any order for the reason that no such order was ever made." The purpose for which this request was made did not include the connecting of the county with the acts of Knorr Bros. The court denied that motion and granted the motion of the defendant county for the direction of the verdict.

It appears from the transcript that the court thereupon stated to the jury as follows: "The court is of the opinion that the plaintiff cannot recover in this form of an action, and if he could recover in any action it would have to be in a different form of action, and that he is not entitled to recover under the evidence introduced in this case." During the course of the trial (Transcript, pp. 108, 109), the plaintiff sought to introduce in evidence Exhibit 6. This was an undertaking which recited that the present plaintiff and one Lassen had brought an action in injunction to restrain the county and one Hayney from entering upon the lands of plaintiff and digging a ditch thereon; that a temporary injunction had been issued; and that this undertaking was executed for the purpose of securing the vacation of such temporary injunction. This undertaking was in the sum of $2,000 and was signed by the parties named as defendant in paragraph 7 of the complaint in this action and bound the obligors to pay to this plaintiff Peterson and said Lassen, any and all sums that might be recovered against them in said action. That action was pending and undetermined at the time this undertaking was offered in evidence, and it was therefore property excluded in this case; but it would seem therefrom that this plaintiff's claim for damages could be properly taken care of in that case.

[4-6] The only document pertaining to a ditch proceeding, that was offered in evidence, was a petition signed by appellant and others. (Exhibit 5). The route of the drainage ditch therein petitioned for is as follows: "Beginning at the southwest corner of

section 11, township 123, range 50; thence in a southeasterly direction through section 10, 14, 13 and 12, township 123, range 50 and 7, 18, 17, 21, 22, 28 and 27, in township 123, range 49; thence through the Dry Run to Big Stone Lake or through Bull Head Lake to the Whetstone, whichever may be found the most practicable." From an examination of the map it appears that, if the ditch complained of is a part of the one petitioned for, the land of the plaintiff comes within the description "thence   *   *   * through Bull Head Lake to the Whetstone." No description of lands is given otherwise than as above set forth, nor is it apparent where the "Whetstone" is, or what it is. There is nothing in the case, except inferentially, to show that the ditch petitioned for is the one about which appellant complains.

It is reasonably clear that the appellant has suffered some damage at the hands of Knorr Bros. The chief damage proven is in regard to the disposal of rock and other material taken from the bed of the ditch. If it be assumed that they were acting under contract with the county, it does not appear that such acts inflicting damage were within the scope of their contract. If they were acting within the scope of their contract, then the refusal of the court to open the case and allow the appellant to offer the drainage proceedings in evidence would appear to be an abuse of discretion. Suppose the case be reversed on that ground or upon the ground that the court erred in directing the verdict, what disposition can be made of the costs on appeal? The county is not liable therefor out of its regular funds. There is nothing to show that there is any drainage fund out of which it could be paid, nor that the county is in position to levy an assessment against any property to pay such costs.

If it be assumed that Knorr Bros. were acting under direction of the county board and it should appear that the acts of the board were unauthorized, then the individual members of the county board might be liable, but they are not parties to this case.

A careful review of the evidence convinces us that the only cause of action proven on behalf of plaintiff is against Knorr Bros.; and they were not made defendants in this case.

We are reluctant to decide a case upon grounds not raised in the briefs. In this case, however, the defendant is a public corporation. It is not liable for the payment of damages that might

have been recovered in this case except in so far as it has funds in its control derived from the drainage project, or in so far as it might hereafter cause an assessment to be levied to pay for such damages. Nothing has been shown that would bring the liability of the county within these exceptions; nor can we assume that it would have been shown if the drainage proceedings had been received in evidence.

In view of the unsatisfactory condition of the record and in view of the pendency of the other action, in which it would seem that appellant can get relief, we are of the opinion that the judgment of the trial court should be affirmed.

WHITING, J. I concur in the result reached in the foregoing opinion. Appellants' brief fails to present a sufficient statement of the record to be entitled to consideration by this court.