[Civ. No. 1247.  Second Appellate District.—June 10, 1913.]

## A. C. BOWLES et al., Respondents, v. J. L. HICKSON et al., Appellants.

APPEAL—POINTS NOT ARGUED IN BRIEFS.—Errors assigned as to rulings of the court below, but not argued on appeal, are not entitled to consideration by the appellate court.

ID.—REVIEW OF EVIDENCE—FUNCTIONS OF APPELLATE COURT.—A reviewing court on appeal cannot weigh the testimony and attempt to determine whether the plaintiff at the time of the trial produced a preponderance of the evidence. Whenever it appears upon such a review that there was some evidence offered for the consideration of the trial judge, which of itself and standing alone tended to sustain the findings of fact, then the functions of a reviewing court on that examination are at an end.

FIRE—NEGLIGENCE IN STARTING AND ALLOWING TO ESCAPE.—In this action for damages for the burning of an apiary, caused by the defendant starting a fire on his premises near the apiary and then permitting it to escape, the findings in favor of the plaintiff are supported by the evidence.

ID.—LIABILITY OF LESSOR FOR FIRE—EVIDENCE.—In such action statements by the defendant, in leasing the premises to the plaintiff for an apiary, to the effect that the latter is to be responsible for the property and that fires are likely to occur, are not sufficient to show a condition of the lease relieving the defendant from liability for negligence, and they may properly be stricken out.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Kuster, Loeb & Loeb, for Appellants.

Jones & Evans, for Respondents.

JAMES, J.—This action was brought to recover damages alleged to have been sustained by plaintiffs through the negligent act of defendants. It is alleged in plaintiffs' complaint that defendants negligently kindled a fire adjacent to the apiary of plaintiffs, and negligently permitted the fire to escape from the place where it had been kindled, with the result that it destroyed one hundred and thirty stands of bees belonging to plaintiffs, together with the equipment of the apiary. Plaintiffs sought not only to recover for their pecuniary loss, but also treble damages, as provided for in section 3344 of the Political Code. The trial judge, however, while he made his findings in favor of the plaintiffs, ordered judgment for the amount of six hundred and twenty-four dollars and fifty cents, that sum being found to be the actual value of the property destroyed. The defendants appealed from the judgment and from an order denying their motion for a new trial.

On this appeal the questions to be determined relate mainly to the question of sufficiency of the evidence to sustain the findings of the trial court. While there are a number of errors assigned as to rulings of the court made during the course of the trial, only one of those points is here argued, and the remainder are therefore not entitled to any consideration.

It appeared by the evidence that plaintiffs had leased a small tract of land for bee-keeping purposes from defendants some time prior to the date when their plant was destroyed by fire. Defendants owned the land surrounding that upon which the apiary was located, and a portion at least of defendants' ground was devoted to orchard purposes. Not far from the apiary and to the south of it, on the thirtieth day

of September, 1910, stood a large pile of lemon brush, or trimmings from lemon trees, which had been taken from defendants' orchard. This pile of brush was about fifteen feet wide, eighty feet long and four feet high, and the brush on that date was in a state of dryness which made it very inflammable. Defendant Hickson, at about 3 o'clock on the day mentioned, decided to burn up the brush and accordingly set fire to it. He remained about the fire watching it, and some time after he had kindled the blaze a fire started at a point some distance away and upon the ground where the apiary was located. This fire, in spite of efforts made to stop its progress, ate its way through dry brush and weeds and destroyed the bees and apiary equipment. Shortly after this Hickson remarked to some of the bystanders that he had done enough damage for one day and guessed he would go home. On the next day he met a brother of one of the plaintiffs and said to him, according to the latter's testimony: "I was burning lemon brush over there and the fire got away from me and burned the bees up." There was testimony given by some of the witnesses for plaintiffs to the effect that on the day in question a strong wind was blowing from a southerly direction the tendency of which would be to blow sparks and firebrands from the brush pile toward the apiary. There was testimony also as to the customary method employed by the farmers when they sought to destroy brush at a time when on account of the extreme dryness there would be danger of the fire spreading, and by this testimony was furnished evidence of precautions to be taken, none of which was shown to have been adopted by Hickson. Also testimony tending to show that the value of the property destroyed was of the amount determined in the findings of the court. At the trial defendants contended, and it is here insisted, that on the day when Hickson caused the lemon brush to be burned away the wind was blowing from the north to the south and away from the property of plaintiffs, and that the physical conditions showed that there was an intervening strip untouched by fire and covered with dry and inflammable brush and grass, lying between the place where the brush was burned and the burned-over ground of the apiary. The contention of defendants further was that plaintiff's bees were not of the value fixed by the trial judge, or of any value, because they

were infected with what is termed "foul brood." It must be remembered that a reviewing court on appeal cannot weigh the testimony and attempt to determine whether plaintiff at the time of the trial produced a preponderance of the evidence. Whenever it appears upon such a review that there was some substantial evidence offered for the consideration of the trial judge which of itself and standing alone tended to sustain the findings of fact, then the functions of a reviewing court on that examination are at an end. It has often been said that the trial judge has the witnesses before him and that he is afforded an advantage which an appellate court cannot have in observing the demeanor of the witnesses, determining the effect of whatever interest or bias they may feel, and so is enabled to decide with better judgment upon the facts of the case. As to each and every issue presented in this action, it must be said that the findings of the court find some support in the evidence. In effect, nothing more was decided in the case of *Garnier* v. *Porter,* 90 Cal. 105, [27 Pac. 55], which is cited by appellants. Under the conflicting evidence, it was peculiarly the duty of the trial judge to determine whether the fire which burned the apiary was kindled by sparks or firebrands proceeding from the blaze made by the lemon brush, and having determined this question, to then decide whether defendant Hickson was negligent in kindling the fire under all of the circumstances and conditions shown by the evidence, or whether, after having kindled it without negligence, he was negligent in permitting it to be carried onto the apiary of plaintiffs.

Among the alleged errors of the court occurring at the trial, appellants assign the ruling striking out the answer of defendant Hickson where he proposed to tell of a conversation had with the plaintiffs, or one of their brothers, which occurred at the time the ground was leased for use of the apiary. In that answer the witness stated that he had told "one of the Bowles boys" to "take all the land you want. . . . and whatever you have inside of that fence you will be responsible for, as there is stock and there is liable to be fires, and anything happens to those bees, I don't want to be responsible for them for twenty-five cents a stand." Upon motion of the plaintiffs' counsel that this matter was incompetent, irrelevant, and immaterial, the court ordered it

stricken out. Appellants now contend that this testimony, if allowed to remain in the record, would have furnished sufficient substance upon which to base a finding that plaintiffs had contracted to relieve defendants from all responsibility in the event that the bees or apiary plant was destroyed by fire. Giving to the statement of the witness its greatest effect in that direction, it cannot be said that the language used, if admitted, could have established a condition of the lease contract whereby defendants would be relieved from all liability for acts of personal negligence. It was therefore not error, under the issues made at the trial, to strike this answer from the record.

No prejudicial errors being shown, the judgment and order appealed from are affirmed.

Allen, P. J., and Shaw, J., concurred.